Ives v. Phelps et al.

---

ROBERT R. IVES,

*vs.*

WILLIAM W. PHELPS, et al.

An order dismissing a motion made under *Sec.* 255, *Chap.* 66, *Gen. Stat.*, to compel entry of satisfaction of a judgment, satisfied *in fact,* otherwise than upon execution, is an order of the *court,* and is appealable under *Subdivision* 6, *Sec.* 7, *Chap.* 86, *Gen. Stat.*

Where the *owner* of a judgment for costs agrees to "pay" such costs, to *cancel* such judgment, and cause the same to be *canceled,* and entered as fully satisfied, the effect of such agreement is to satisfy such judgment in *fact.*

To enable the judgment debtors to proceed under that portion of *Sec.* 255. *Ch.* 86, *Gen. Stat.* above referred to, it is not necessary that the consideration of such agreement, on the part of the owner of the judgment should move from such judgment debtors. If the judgment has been satisfied *in fact,* no matter by whom, the statute gives them the right to have satisfaction thereof entered of record.

The defendants in this action are W. W. Phelps, Theodore B. Sheldon, Christopher Cogel and Martin S. Chandler.

Judgment was rendered therein January 30th, 1863, granting certain equitable relief to the defendants, Phelps and Sheldon, and other parties thereto, and adjudging that defendants Phelps and Sheldon pay to the plaintiff his costs. On the 9th day of July, 1870, the plaintiff caused execution to issue on said judgment for his costs. Thereupon the defendants Phelps and Sheldon, claiming that the judgment was satisfied, in fact, made a motion upon affidavits, their own, and those of Thomas J. Little and D. M. Taber, for an order requiring the plaintiff to satisfy the same of record. The affidavits of Phelps and Sheldon, corroborated in that regard by those of Little and Taber, state, among other things, substantially, that at the time said judgment was rendered there were three other actions pending in said court concerning the property in controversey in this action, in all of which the plaintiff in this action was one of the defendants, and in all of which some of the defendants in this action were parties; that on the 9th day of July, 1865, while said three actions were pending, the plaintiff, one Thomas J. Little, who was a party to some of said actions, one John L. Little, who had become the owner of the interest of the defendants Phelps and Sheldon in the subject matter of this action, and one John M. Ives, who was also a party to some of such actions, had an amicable settlement of the matters in dispute in such actions, and the matters in this action, and certain matters in dispute in relation to rights of property described in the pleadings therein, and entered into an agreement in writing in relation thereto; that the plaintiff, in consideration of said settlement and agreement, "and for other valuable considerations in the premises by him had and received, to his full satisfaction, promised and agreed to and with said Phelps and Sheldon, and said other parties, to pay all costs by him incurred and expended in this action

Ives v. Phelps et al.

\* \* \* and to cancel said judgment therein, and cause the same to be canceled, and entered as fully satisfied."

The affidavits of Phelps and Sheldon further state, that after said execution issued, the plaintiff admitted to them that said settlement had been made, and that he had agreed to pay his own costs in this action.   They also state that the judgment is " fully paid and satisfied."

The affidavit of Little states, also, that " the judgment \* \* has, by settlement between the parties thereto, and other parties, been fully paid, and agreed to be canceled."   The affidavit of Taber, that the judgment was settled, and agreed to be canceled.

At the hearing, no objection was made to these affidavits, and no counter affidavits or other evidence was presented by plaintiff.   The plaintiff asking therefor, the motion was dismissed, and the defendants Phelps and Sheldon appeal from the order dismissing the same to this court.   As the order was not made in open court, and is signed by the judge of said court as " District Judge," the plaintiff insists that it is not an order of the court, and for this reason, among others, that it is not appealable, and moves here for a dismissal of the appeal.

PHELPS & TABER for Appellants.

WARREN BRISTOL and B. B. HERBERT for Respondent.

*By the Court*—BERRY, J.—The order appealed from in this case is an order of the *court*, not of the judge, ( *Gen. Stat.* *ch.* 66, *sec.* 255.   *Yale vs. Edgerton*, 11 *Minn.* 275.) and since it *determines* a summary application, made in an action after judgment, and affects a substantial right, it is a *final* order within the meaning of *subdivision* 6, *sec.* 7, *ch.* 86, *Gen.* *Stat.   Rondeau vs. Beaumette*, 4 *Minn.* 227.   *Entrop vs. Wil-*

*liams*, 11 *Minn.* 382. The motion to dismiss for non-appealability, is therefore denied.

As *sec.* 255, *ch.* 66, *Gen. Stat.* empowers the district courts, *upon motion*, to compel acknowledgment and entry of satisfaction *whenever* a judgment is satisfied in fact, otherwise than upon execution, the main question upon the merits is whether it appeared from the affidavits in this case, that the judgment to which the appellant's application relates was satisfied in fact. To this question most of the points made by the respondent refer.

If it did so appear, the application, or motion, should not have been dismissed  The motion was based and heard upon affidavits presented by appellants, and not objected to; and **no** counter affidavits, or other evidence, was offered by respondent  It was, therefore, the plain duty of the court below to accept as true the statements of fact contained in the affidavits, at least, so far as they were not inconsistent or false upon their face

Treated in this way, the affidavits show that the respondent recovered the judgment against the appellants; that it was a judgment for costs " incurred and expended " by him; that he agreed to " pay " the said costs; to " cancel " the judgment, and " cause the same to be canceled and entered as fully satisfied," and that this agreement was made by the respondent, the *owner* of the judgment, with Phelps and Sheldon, the judgment debtors, and present appellants, as well as with the other parties to the settlement hereafter mentioned.

Bearing in mind that the appellants' indebtedness for the costs referred to was an indebtedness *to the respondent himself,* it will require no argument to show that the respondent's agreement to *pay* such costs, and cancel the judgment, was in effect a satisfaction *in fact* of the judg-

ment, provided such agreement was made upon a sufficient consideration. The consideration stated in the principal affidavit (that of Phelps and Sheldon) is the settlement of certain matters in dispute and litigation, in reference to rights of property between parties of whom respondent was one, and of the contract made by said parties in pursuance of, and embodying such settlement, and " other valuable considerations "

Admitting that the statement of " other valuable considerations," is too vague to be entitled to much, if to any weight in a proceeding of this kind, we think the other considerations stated, viz : the settlement, and the making of the contract, sufficient to uphold the agreement relied upon as satisfying the judgment.

The prevention of litigation and the settlement of controversies and disputes as to rights of property, are considerations sufficient to support an agreement. *Chitty on Contracts*, 44. *Parsons on Contracts*, 438.

The respondent's agreement to pay the costs, and cancel the judgment, being then based upon a sufficient consideration, its effect was, as before remarked, to satisfy the judgment *in fact*.

This being the case, the appellants bring themselves within the letter, as well as the spirit of *sec.* 255, *ch.* 66, *Gen. Stat.*, before cited, and they are entitled to an entry of satisfaction of the judgment, and, of course, to a stay of proceedings upon the execution which has been issued thereon, and the return of the same.

The question being simply whether the judgment is satisfied *in fact*, it is not necessary to inquire whether or not the appellants are strangers to the consideration of respondent's agreement. If they are, and if it be admitted as a consequence, that they could not maintain an action in their

own names upon such agreement, it does not follow that they cannot, when an execution is issued upon a judgment, show that such judgment has been in fact satisfied, and demand the return of the execution, and, under the statute, an entry of satisfaction.

If the judgment has been satisfied *in fact*, no matter by whom, the statute gives them the right to have the satisfaction thereof entered of record.

In this case the affidavits of Phelps and Sheldon are not only corroborated in the particulars above referred to by the affidavits of Taber and Little, but the affidavits of Phelps and Sheldon contain a statement of an admission by the respondent of the settlement of the judgment, and of his agreement to pay the costs aforesaid.

In addition to this, the affidavits of Phelps and Sheldon contain a positive statement that the judgment is " fully paid and satisfied ;" that of Little, that the judgment is " fully paid and agreed to be canceled," and that of Taber, that the judgment was " settled " and agreed to be " canceled."

As no attempt appears to have been made to controvert these affidavits, we see no reason why the appellants were not entitled to the relief prayed for.

Order reversed.