[No. 8386.]

## NORRIS V. KELSEY.

1. CONDITIONAL JUDGMENT—*Appeal From—Effect.* Kelsey recovered lands from Norris. The judgment directed the payment into court, by Kelsey, for the use of Norris, by a day limited, a sum specified, for taxes paid by Norris and improvements made by him:

An appeal by Norris suspended the judgment in its entirety, as well the condition as the residue. (300.)

2. APPEAL AND ERROR—*When the Judgment Therein is Effective.* The Appellate Court retains jurisdiction until the lapse of the period allowed to apply for a rehearing. (302.)

Where a judgment in ejectment is conditioned upon the payment by the successful plaintiff, by a day certain, of taxes and the like, and an appeal

is prosecuted by defendant, the period within which payment of the taxes is to be made commences with the lapse of the time allowed to apply for a rehearing. (301.)

3. EVIDENCE—*Judicial Notice*, taken of the rules of the Court of Appeals. (300.)

*Error to Phillips District Court.* Hon. H. P. BURKE, Judge.

Mr. CLAUDE D. WALROD and Mr. E. T. WELLS, for plaintiff in error

Mr. JOHN F. MAIL, for defendant in error.

Mr. JUSTICE SCOTT delivered the opinion of the court.

On April 2d, A. D. 1908, judgment was entered in the District Court of Phillips County, in favor of Kelsey and against Norris, declaring that Kelsey was the owner of certain lands described; that certain treasurer's tax deeds assuming to convey the lands to Norris were void, and directing their cancellation; also finding that Norris has placed improvements on the land of the value of $100.00.

The judgment directed that the plaintiff Kelsey, pay to the clerk of the court for the use of defendant, within sixty days, the sum of four hundred and thirty-four and forty-seven one hundredths dollars, being the value of the improvements, and the amount of taxes and interest found to be due, and that unless said sum is paid within said time, the judgment shall stand annulled and the action be dismissed.

From this judgment an appeal was perfected to the Supreme Court. The cause was afterward transferred by the Supreme Court to the Court of Appeals, as provided by the Act of 1911. The judgment of the lower court was affirmed by the Court of Appeals on the 10th day of March, 1913. No petition for rehearing being filed, within the fifteen days allowed by the rules of the court, a remittitur was issued on the 26th day of March, 1913. *Norris v. Kelsey,* 23 Colo. App. 556.

The amount required by the judgment was paid into court, together with the interest thereon, on the 24th day of May, 1913. June 4, 1913, writ of restitution issued upon the aforesaid judgment directing the sheriff to put Kelsey in possession of the lands; and on the same day Norris was served by the sheriff with a copy of the writ and Kelsey placed in possession. December 11th, 1913, Norris filed his motion to set aside the writ of restitution. This motion was denied. This proceeding is to review the action of the District Court in denying the motion of the plaintiff in error to set aside the writ of restitution.

The contention is that the money required to be paid into court for the use of the defendant by the judgment in the original action, was not paid within the sixty days as required by the judgment, and for such reason, by the terms of the decree, the judgment was invalidated and the case stood dismissed.

It is urged, first, that notwithstanding the appeal, the plaintiff in the action was obligated by the decree to pay into court the amount found by the court to be due as taxes, interest and for improvements, within sixty days from the date of the judgment; and second, that if it be held that the appeal stayed the execution of the entire judgment and that the money so required to be paid into court was not payable until after the judgment of affirmance by the Court of Appeals, it became payable upon the date of the judgment by the appelate court; and third, that if the plaintiff below was still allowed sixty days after date of affirmance, that such time commenced to run from the date of the judgment of affirmance, to-wit, March 10th, 1913, and therefore the payment not having been made until May 24th, 1913, or more than sixty days from the date of the affirmance by the Court of Appeals, the judgment of the lower court became ineffective, and therefore the writ of restitution was wrongfully issued and is void.

Nothing is clearer than that when the appeal was per-

fected, the execution of the judgment in its entirely was suspended until the cause was disposed of in the appellate court, and in this case included that part of the decree commanding the payment of the sum ordered within sixty days.

When the judgment became effective by the order of the Court of Appeals, the time in which such payment was to be made commenced to run, and not before. The appeal was in no sense a substitute for the judgment appealed from. It operated to suspend the enforcement for a limited time. But it did not take the place of, nor nullify the judgment. *Rockwell* v. *Dist. Court,* 17 Colo. 118, 29 Pac. 454, 31 Am. St. 265.

The order for the payment of the taxes, interest and penalties was conditioned solely upon that part of the judgment finding the tax deeds to be invalid. The appeal suspended this part of the judgment, which of necessity, likewise carried the condition resting upon it. When the judgment became effective its conditions became operative and not before. This disposes of the first two contentions.

When then did the judgment of the court of appeals become effective? On the date of the rendition of the judgment, or upon the expiration of the time allowed by the rules of the Court of Appeals, for the filing of a petition for a rehearing? These rules are as follows:

Rule 18. "The filing of a petition for a rehearing shall suspend proceedings under the decision until the petition is disposed of unless the court in term time, or one of the judges in vacation, shall otherwise order.

Rule 19. Upon the determination of a petition for rehearing, or if within fifteen days after final judgment, no such petition shall have been filed, the clerk shall issue remittitur to the court below."

It will be seen that under the rules of the court a remittitur could not issue until the expiration of the fifteen days allowed for the filing of a petition for rehearing, unless otherwise ordered.

The appellate court thus holds jurisdiction of the cause for a fixed period for the purpose of permitting an application for a rehearing, and in no case except upon special order, is this jurisdiction relinquished during such period.

The object of a petition for rehearing is to give the parties an opportunity to point out mistakes of law or fact, or both, which it may be claimed the court has made in reaching its conclusion. *People ex rel. L'Abbe v. Dist. Ct.*, 26 Colo. 386, 58 Pac. 604, 31 Am. St. 265. In case the petition for rehearing is filed, jurisdiction is retained until such application is finally disposed of, and which may result in a modification or even a reversal of the original judgment of the appelate court.

The question is one of jurisdiction. The jurisdiction of the District Court is not restored until the cause is finally disposed of by the appellate court. While the date of the actual issuance of the mandate may not be controlling, yet the date when such mandate may issue under the rules of the court, must be held to be the earliest date upon which the District Court can acquire jurisdiction. Until this occurs the lower court is without jurisdiction for any purpose.

In this case the mandate could not have issued nor the affiirmed judgment of the District Court become effective until the 26th day of March, and the payment into court of the sum ordered for taxes, interest and improvements, on the 24th day of May, was within the sixty days fixed by the decree of the trial court.

*The judgment is affirmed.*

GABBERT, C. J. and GARRIGUES, J. Concur