No. 10,573.

HAGGOTT, ET AL. *v.* PLAINS IRON WORKS CO., ET AL.

Decided July 2, 1923.   Rehearing denied October 1, 1923.

On petition to vacate judgment and quash execution and levy.   Petition granted.

*Reversed.*

*On Application for Supersedeas.*

1.  APPEAL AND ERROR—*Remittitur.*   When a case is determined in the Supreme Court on review, the lower court is thereupon immediately reinvested with jurisdiction without the issuance of, or receipt by the clerk of the trial court, of a remittitur.

2.  *Practice—Remittitur.*   While under the provisions of rule 49 the clerk of the Supreme Court is directed to issue remittitur to the court below, the practice has been to issue the mandate only upon request.

3.  *Final Judgment.*   Where a petition was filed in the lower court to vacate a judgment and quash an execution and levy, demurrer to the answer sustained, and judgment entered on the petition, the judgment was final and subject to review by the Supreme Court.

4.  *Enforcement of Judgment.*   Where on final judgment a defendant was directed to deliver certain corporate stock to the clerk of the court for use of the plaintiff, or pay him the value thereof, it is held under the circumstances of this case, that he could not complain of a strict enforcement of the order for the payment of the value of the stock, in default of its delivery within the time limited by the court order.

*Error to the District Court of the City and County of Denver, Hon. Julian H. Moore, Judge.*

Messrs. MAY & GOULD, Messrs. SABIN & McGLASHAN, for plaintiffs in error.

Mr. CHARLES CLYDE BARKER, Mr. WM. H. GABBERT, Mr. WM. H., DICKSON, Messrs. DOUD & WALKER, for defendants in error.

*En banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

PLAINTIFF in error Warren A. Haggott was plaintiff, and defendants in error were defendants, in the trial court, and they are hereinafter so referred to. The other plaintiff in error is here by reason of an assignment to him.

Plaintiff had judgment against defendants in the district court in December, 1921. The only portion of that decree now under consideration is the provision thereof, that within ten days from its date defendants should deliver to the clerk of the district court, for the use of plaintiff, certain shares of stock in the Plains Iron Works Company, and upon failure so to do plaintiff should have judgment for the value thereof. Execution was stayed by writ of error to this court. The judgment was affirmed, and a rehearing was denied December 4, 1922. *Plains Iron Works Co. v. Haggott*, 72 Colo. 228, 210 Pac. 696. December 18, 1922, defendants having failed to deliver the stock, the clerk of the district court issued execution as directed in the judgment. Petition herein was filed to vacate the judgment and quash the execution and levy. A demurrer was sustained to Haggott's answer to that petition and he elected to stand thereon. To review the judgment thereupon entered against him this writ is prosecuted and a supersedeas prayed.

The stock in question was not delivered within ten days from the date of our decision on motion for rehearing, but was delivered within ten days from the date of the issuance here, and the filing in the district court, of the remittitur. The principal question for our determination is the necessity for the mandate to reinvest the district court with jurisdiction. If the remittitur was necessary the delivery was timely; otherwise not.

Other jurisdictions are not unanimous on this question, the greater number holding the mandate necessary. 4 C. J. 1208. The point was, however, directly passed upon by this court at a very early date, in a case which was retried

below without notice to defendant, without his presence, and without the mandate: "That the plaintiff failed * * * to file the mandate of this court in the court below * * * is nothing; * * *. The jurisdiction of the district court over the cause was restored as soon as judgment was given in this court. The mandate was but evidence of that jurisdiction." *Paul v. Luttrell,* 1 Colo. 491.

Such has been the law in this jurisdiction from that day to this, and later cases touching upon this, or related subjects, are not inconsistent therewith. *Rockwell v. District Court,* 17 Colo. 118, 29 Pac. 454, 31 Am. St. Rep. 265; *Norris v. Kelsey,* 60 Colo. 297, 152 Pac. 1167; *Callbreath v. Coyne,* 48 Colo. 199, 201, 109 Pac. 428.

Our rule No. 49 directs the clerk to issue remittitur, but contains no suggestion that it is essential to further proceeding in the trial court. In fact, the practice from earliest times has been for the clerk to issue the mandate only upon request.

It is insisted that the order of the district court in the instant case was not a final judgment. We are unable to find any basis for the contention. It was a final determination of a very substantial right given the plaintiff under the judgment heretofore affirmed and this writ was his only remedy.

Other reasons are urged why defendants should not be held to comply with the order for delivery within ten days. They relate to a certain motion, notice, and order, all having to do with plaintiff's effort to secure the stock after the determination of the motion for rehearing. Defendants can take no advantage of them, having themselves made no reasonable effort to obey the order.

In addition to the foregoing, it might be added that plaintiff by his answer set up very persuasive reasons why it would not be equitable to compel him to take the stock instead of the money. These are admitted by the demurrer. This cause was first tried in the district court in May, 1918. It was reversed here for reasons not affecting the merits of the controversy. *Plains Iron Works Co. v. Hag-*

*gott,* 68 Colo. 121, 188 Pac. 735.  For approximately five years at least, these defendants have wrongfully withheld plaintiff's stock and ousted him of all rights which the possession thereof carries.  They are in no position to complain of the hardship, if any there be, involved in a strict compliance with the order and the law.

The judgment is accordingly reversed.

MR. JUSTICE WHITFORD and MR. JUSTICE CAMPBELL not participating.