## No. 11,129.

### BLATT, ET AL. *v.* BLATT.

Decided March 2, 1925.

On motion to strike bill of exceptions.

### *Motion Denied.*

1. BILL OF EXCEPTIONS—*Time for Presentation.* Under Code section 420, the court may extend the time for presenting a bill of exceptions, but may not shorten it to less than 60 days.

2. *Tender and Approval.* Where the trial court signed a bill of exceptions "subject to approval of" attorneys, the condition meant only that the attorneys should have an opportunity, notwithstanding the signature of the court, to object to any defects they might find in the bill.

3. *Lodgment with Clerk—Purpose.* Lodgment of a bill of exceptions with the clerk of the trial court is for the purpose of giving opposite parties an opportunity to examine and object to it, and it not appearing that opportunity to object was not given, and no objections being made, failure to lodge with the clerk is no ground for striking the bill from the files of the appellate court.

*Error to the District Court of the City and County of Denver, Hon. Francis E. Bouck, Judge.*

Mr. T. J. O'DONNELL, Mr. W. L. JANUARY, Mr. ROBERT EMMET LEE, for plaintiffs in error.

Messrs. McDONOUGH & McDONOUGH, for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

THE defendant in error moves to strike the bill of excep-

tions on three grounds:   (1) That the court allowed thirty days for the bill, and that it was tendered and settled by the court not in thirty but in fifty days.   (2) That the signature of the court to the bill was made "subject to the approval of McDonough & McDonough, attorneys," and that McDonough and McDonough have never approved it. (3) That the bill was never "lodged" with the clerk of the district court in conformity with rule 26 of that court.

Upon the first point, the code of 1921, § 420, expressly gives sixty days for a bill of exceptions and allows the court to extend that time but not to shorten it.   The bill was therefore seasonably tendered.

Upon the second proposition, the case having been tried before the Hon. Francis E. Bouck of Leadville, the bill was tendered to him there.   Attached to his certificate is the usual statement of tender "tendered this 18th day of February, A. D. 1924, Francis E. Bouck, Judge."   Also on the same day he signed the certificate prefixing to his signature the condition above quoted.   We think the meaning of this condition is merely that McDonough & McDonough, attorneys for the defendant in error, should have an opportunity, notwithstanding his signature to object to any defects they might find in the bill.   It is not reasonable to suppose that the judge intended to attach to his approval of the bill a naked condition that certain attorneys should approve it also.   Upon this construction, if McDonough & McDonough have not objected to the bill and requested his Honor, Judge Bouck, to correct it, they are in no position now to claim anything by virtue of this condition.   It does not appear that they have objected.

As to the third proposition, the lodgment with the clerk is required for the purpose of giving the opponents of the exceptor an opportunity to examine and object to the bill. If by failure to lodge it that opportunity was denied, it might be ground for the lower court to refuse to certify or for this court to strike the bill; but it does not appear in this court that opportunity was not given to object, nor even that there were any objections to be made.   *Iowa G. M. Co. v. Diefenthaler,* 32 Colo. 391, 76 Pac. 981.

The motion to strike the bill of exceptions is denied.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE WHITFORD concur.