## No. 12,094.

### ERNST *v.* COLBURN.

Decided June 11, 1928.

Mr. W. R. Ramsey, for plaintiff in error.

Messrs. Smith & Brock, Mr. John P. Akolt, for defendant in error.

*Department One.*

Mr. Justice Walker delivered the opinion of the court.

On application for supersedeas. Writ of error to review an order requiring the plaintiff in error to enter satisfaction of judgment which she had obtained against defendant in error in a replevin suit. The judgment in the replevin suit, which was for the return of the property or its value, was entered March 21, 1923. The order requiring entry of satisfaction was made May 9, 1927, by Hon. Kent L. Eldred, judge of the county court of Fremont county. Subsequent orders in the case were made by Hon. Edward L. Mott, judge of the county court of Custer county, sitting for Judge Eldred.

1. Defendant in error has filed a motion to strike the bill of exceptions. The ground assigned is that the record fails to show a compliance with rule 10 of this court, requiring the fixing of a time following notice of the tender of the bill of exceptions within which written objections may be filed thereto, and that the record here filed shows that the defendant in error has not approved the bill. The record, however, shows that the bill of exceptions was duly tendered to the judges, and that thereafter they signed and sealed it. We cannot presume that rule 10 was not complied with, nor that the defendant in error was deprived of the opportunity to make objections to the bill, if he had any to make. *Blatt v. Blatt,* 77 Colo. 51, 234 Pac. 162; *Findlay Brewing Co. v. Brown,* 62 Ohio St. 202, 56 N. E. 871; 4 C. J. 328. The motion to strike the bill of exceptions is denied.

2. Defendant in error moves to dismiss the writ of error upon the ground that the order complained of is not reviewable upon writ of error except in connection with a review of the final judgment in the replevin suit.

He cites decisions of this court holding that the writ does not lie to orders subsequent to the judgment, where the judgment itself is not brought up for review. We think this rule does not apply where such subsequent order itself partakes of the character of a final judgment. *Haggott v. Plains Iron Works Co.*, 74 Colo. 37, 218 Pac. 909; *Ellis v. Gibbons*, 26 Colo. App. 454, 145 Pac. 285; *Scott v. Woodhams*, 79 Colo. 528, 246 Pac. 1027; *Central Car Works v. Smith*, 27 Colo. App. 449, 150 Pac. 241. *Haggott v. Plains Iron Works Co., supra,* involved a proceeding substantially like the one now under review. The proceeding there held reviewable by writ of error was one subsequent to the final judgment in the cause, and not brought up in connection with it, and it was in effect a proceeding to have such final judgment declared satisfied and a levy under it quashed.

The order complained of in this case, by which the county court wiped out the judgment which plaintiff in error held against the defendant in error, was a final determination of a substantial right, and is, we think subject to review by writ of error. See *Ives v. Phelps,* 16 Minn. 451. The motion to dismiss the writ is denied.

3. Application for an order requiring entry of satisfaction of judgment was made by the defendant in error under section 253, Code of Civil Procedure 1921. The application set forth the satisfaction of the replevin judgment by the tender or delivery to the plaintiff in error, of the property, in as good order and condition as when taken from her. The order of May 9, 1927, granting the application, was made in the absence of the plaintiff in error. On May 17, 1927, plaintiff in error filed her motion to vacate such order, averring among other things that no notice of the application was served upon her personally or otherwise or in the manner provided by the Code, and that the court was therefore without jurisdiction to hear and determine the motion. She also made affidavit that she knew nothing of the hearing until several days after the order was entered. On July 9,

1927, her motion to vacate was denied. And on November 22, 1927, her motion for a new trial of her motion to vacate was denied. If the order of May 9th was made without legal notice of the application therefor being given to the plaintiff in error, the order was invalid and should have been set aside. Service of the notice upon plaintiff in error was attempted under section 411, Code 1921, which provides that such service may be made upon a party "by leaving the notice or other paper at his residence, between the hours of eight in the morning and six in the evening, with some member of his family over the age of fifteen years."

The affidavit of service (which would prevail over the general recital of the order, *Stubbs v. McGillis*, 44 Colo. 138, 142, 96 Pac. 1005) shows that the service of the notice was made at 6:20 p. m., on May 7, 1927. It is clear that under the section quoted, this service was not good. Both literally and substantially it was made at a time of the day too late to comply with the statute. Provisions for such substituted service must be strictly complied with. Since the plaintiff in error did not appear in response to such invalid notice, and has consistently insisted that it was without effect, it follows that she is entitled to have the order of May 9, 1927, vacated, and to have a hearing and trial in the county court upon the issue of the satisfaction of the judgment by the tender or delivery of the property in as good condition as when taken from her in replevin. This issue has never been tried upon any application or notice legally served upon plaintiff in error, and advising her that such trial would occur.

Application for supersedeas is denied, and the order requiring entry of satisfaction of judgment is reversed.

MR. CHIEF JUSTICE DENISON, MR. JUSTICE BURKE and MR. JUSTICE WHITFORD concur.