The PEOPLE of the State of
Colorado, Petitioner,

v.

Honorable Raymond D. JONES, District
Judge, and the District Court in and for
the Second Judicial District of the State
of Colorado, Respondents.

No. 81SA178.

Supreme Court of Colorado,
En Banc.

Aug. 4, 1981.

Dale Tooley, Dist. Atty., O. Otto Moore, Asst. Dist. Atty., Brooke Wunnicke, Chief Appellate Deputy Dist. Atty., Denver, for petitioner.

J. Gregory Walta, Colorado State Public Defender, James England, Deputy State Public Defender, Denver, for respondents.

HODGES, Chief Justice.

In this original proceeding, we issued a rule to show cause why an order of the respondent district court dismissing criminal charges pending against defendant Ferguson should not be reversed. In our view, the trial court lacked jurisdiction to enter the order dismissing the pending charges. We therefore made the rule absolute.

Defendant Ferguson was charged by information with first-degree assault,[1] menacing,[2] and crime of violence,[3] all arising from the same criminal transaction. Defendant entered a plea of not guilty by reason of insanity, and sought to waive a jury trial on the sanity issue. The People objected to the jury waiver.

Because menacing is a class 5 felony, defendant is entitled to waive the jury trial on the sanity issue in connection with that charge without the consent of the pros-

---

1. Section 18–3–202, C.R.S.1973 (1978 Repl. Vol. 8).

2. Section 18–3–206, C.R.S.1973 (1978 Repl. Vol. 8).

3. Section 16–11–309, C.R.S.1973 (1978 Repl. Vol. 8).

ecution or the court. Section 18–1–406, C.R.S.1973 (1978 Repl. Vol. 8). However, with regard to the sanity trial in connection with the first-degree assault charge and the crime of violence charge, waiver of a jury can only be made with the consent of the prosecution and the court. Section 16–8–105(2), C.R.S.1973 (1978 Repl. Vol. 8).

In order to protect the defendant Ferguson's right to a trial to the court on the sanity issue in connection with the menacing charge, another judge of the Denver District Court ordered the count be severed from the other counts and that the sanity trial in connection with the menacing charge take place to the court. In addition, the trial court stated that a second sanity trial to a jury in connection with the first-degree assault and crime of violence counts would never take place because the court's ruling on the sanity issue with respect to the menacing charge would be *res judicata* on the issue. *See People v. Lichtenstein*, Colo., 630 P.2d 70 (1981).

The People then sought to dismiss the menacing count, and the trial court denied the motion. The People brought an original proceeding in this court challenging the trial court's denial of that motion. We issued a rule to show cause on December 29, 1980, and in *People v. Lichtenstein, supra*, announced April 20, 1981, made the rule absolute and directed that the trial court dismiss the menacing charge.

On April 22, 1981, the case against defendant Ferguson appeared on the docket of the respondent district court at the request of the prosecution for the setting of a trial date. During this appearance, defense counsel entered an oral motion for dismissal of the criminal charges pending against the defendant. As grounds for this motion, defense counsel asserted that defendant had not been brought to trial within six months from the date of the entry of his plea as required by section 18–1–405, C.R.S. 1973 (1978 Repl. Vol. 8) and Crim. P. 48(b). The trial court granted defendant's motion to dismiss on April 22, 1981.

The People then commenced the instant original proceeding in this court, and we issued a rule to show cause on April 23, 1981.

It is a well-established principle of law that where an appeal has been perfected, the trial court is divested of jurisdiction to issue any further orders in the case. *Larrick v. Burt Chevrolet, Inc.*, 147 Colo. 133, 362 P.2d 1030 (1961); *Brooke v. People*, 139 Colo. 388, 339 P.2d 993 (1959); *Scott v. Watkins*, 61 Colo. 244, 157 P. 3 (1916); *Norris v. Kelsey*, 60 Colo. 297, 152 P. 1167 (1915). Thus, after we issued our rule to show cause on December 29, 1980, the trial court was without jurisdiction to enter any order affecting the matter until its jurisdiction was restored by this court. This is particularly clear in this case where the rule to show cause specifically stated "It is further ordered that all proceedings be stayed until further order of this court."

It is equally well-settled that the trial court's jurisdiction is restored when the appellate court issues its mandate. *James v. James*, 95 Colo. 1, 32 P.2d 821 (1934); *Norris v. Kelsey, supra; People v. Reliford*, 39 Colo.App. 474, 568 P.2d 496 (1977), *aff'd on other grounds*, 195 Colo. 549, 579 P.2d 1145 (1978). As we stated in *Norris v. Kelsey, supra*:

"It will be seen that under the rules of the court a remittitur could not issue until the expiration of the fifteen days allowed for the filing of a petition for rehearing, unless otherwise ordered.

The appellate court thus holds jurisdiction of the cause for a fixed period for the purpose of permitting an application for a rehearing, and in no case except upon special order, is this jurisdiction relinquished during such period.

\* \* \* \* \* \*

"The question is one of jurisdiction. The jurisdiction of the District Court is not restored until the cause is finally disposed of by the appellate court. While the date of the actual issuance of the mandate may not be controlling, yet *the date when such mandate may issue under the rules of the court, must be held to be the earliest date upon which the District*

*Court can acquire jurisdiction.* Until this occurs the lower court is without jurisdiction for any purpose." (Emphasis added.)

 In the instant case, this court's judgment was announced on April 20, 1981. *People v. Lichtenstein, supra.* However, this court's mandate could not issue until at least fifteen days after the entry of judgment absent an order of the court. C.A.R. 41; *see* C.A.R. 21(f). No such order was issued. Therefore, it is clear that the trial court was without jurisdiction on April 22, 1981 when it granted defendant's motion to dismiss.

The respondent district court acted without jurisdiction in dismissing the charges pending against defendant. Accordingly, we make the rule absolute and order that on remand the charges be reinstated.