Silas VALDEZ, Petitioner,

v.

The DISTRICT COURT In and For the CITY AND COUNTY OF DENVER, and the Honorable Connie L. Peterson, One of the Judges Therein, Respondents.

No. 86SA63.

Supreme Court of Colorado, En Banc.

July 7, 1986.

David F. Vela, Colorado State Public Defender, Rachel A. Bellis, Deputy State Public Defender, Denver, for petitioner.

Norman S. Early, Jr., Dist. Atty., David J. Dansky, Deputy Dist. Atty., Denver, for respondents.

VOLLACK, Justice.

The petitioner, Silas Valdez, seeks a writ of prohibition alleging the respondent court exceeded its jurisdiction by ruling on the district attorney's motion to review the appointment of the public defender to represent petitioner on appeal of his criminal convictions. Petitioner seeks to prohibit enforcement of the court's order revoking the appointment of the public defender for purposes of appeal. We issued a rule to show cause why the relief sought should not be granted, and we now make the rule absolute.

On March 22, 1985, petitioner was convicted of the charges of bribery and conspiracy following a jury trial in which he was represented by private counsel. Following sentencing on May 16, 1985, petitioner's motion for bond pending appeal was denied by the trial court, and he commenced serving his sentence. Pursuant to petitioner's request on May 23, 1985, the office of the public defender evaluated his financial status to determine his eligibility for their representation for purposes of appeal. The public defender's office found that petitioner qualified for such an appointment, in part because his monthly debts exceeded his monthly income and his property was heavily mortgaged. The public defender's office was appointed to represent petitioner on appeal by the respondent court. A notice of appeal was filed on petitioner's behalf on June 18, 1985.

Upon application to the court of appeals on his motion for bond pending appeal, petitioner was granted an appeal bond set in the amount of $10,000 cash or surety, as acceptable to the respondent court. Petitioner was able to post the appeal bond by using the deed to the family home as security.

On October 29, 1985, the district attorney filed a motion for determination of propriety of representation by the office of the public defender in the trial court. The district attorney requested that petitioner be ordered to present information as to his current work status and financial condition so the respondent court could determine

the propriety of his continued representation by the public defender's office. Following a hearing on the motion on November 22, 1985, the respondent court required petitioner to submit a current financial affidavit, information concerning the source of the funds or security used to post his appeal bond, and a physician's letter addressing his ability to work. On December 2, 1985, the respondent court issued an order revoking the appointment of the public defender as counsel for petitioner's appeal.

Petitioner maintains the respondent court acted without jurisdiction and abused its discretion in issuing the order revoking the appointment of the public defender. Petitioner maintains jurisdiction rested with the court of appeals at that point, and the respondent court was without jurisdiction to consider the merits of the district attorney's motion. In the alternative, petitioner maintains the district attorney had no standing to challenge the continued representation by the public defender's office and further maintains the district court had no authority to reopen the indigency determination to revoke the appointment of counsel in an ongoing appeal. Petitioner requests a writ of prohibition be issued to prohibit the respondent court from enforcing its order revoking the appointment of the public defender's office for purposes of appeal.

The respondents maintain there was jurisdiction to review petitioner's financial status even though the case had been appealed. The respondents contend the district attorney properly brought information relative to petitioner's financial status to the attention of the court and assert there was no abuse of discretion in determining that petitioner was no longer indigent. The respondents argue that it was not error to terminate petitioner's ongoing attorney-client relationship with the public defender's office based upon its redetermination of indigency.

■ It is a well established principle of law that where an appeal has been perfected, the trial court is divested of jurisdiction to issue any further orders in the case. *People v. District Court,* 638 P.2d 65 (Colo. 1981); *People v. Jones,* 631 P.2d 1132 (Colo.1981). The trial court's jurisdiction is restored when the appellate court issues its mandate. *People v. Jones,* 631 P.2d at 1133.

■ We conclude the trial court erred in ruling on the motion because at the time, it had been divested of jurisdiction by the filing of the notice of appeal. The trial court lacked jurisdiction to enter such an order and, therefore, it is void.

Accordingly, we make the rule absolute.