John RODGERS, Complainant–Appellant and Cross–Appellee,

v.

COLORADO DEPARTMENT OF HUMAN SERVICES, Colorado Mental Health Institute at Pueblo, Respondent–Agency Appellee and Cross–Appellant,

and

Colorado State Personnel Board, Appellee.

No. 00CA1674.

Colorado Court of Appeals, Div. III.

Nov. 23, 2001.

Bruno, Bruno & Colin, P.C., David J. Bruno, Denver, CO, for Complainant–Appellant and Cross–Appellee.

Ken Salazar, Attorney General, Beverly Fulton, First Assistant Attorney General, Denver, CO, for Respondent Agency–Appellee and Cross–Appellant.

Ken Salazar, Attorney General, Denise DeForest, Assistant Attorney General, Denver, CO, for Appellee.

Opinion by Judge NIETO.

Complainant, John Rodgers, appeals the order of the State Personnel Board (the Board) directing him to reimburse the Colorado Mental Health Institute at Pueblo (CMHIP) for back pay and benefits totaling $52,650 paid to him by CMHIP pursuant to a prior order of the Board. CMHIP cross-appeals both the Board's order denying its request for reimbursement of an additional $16,320 in salary and benefits paid to complainant while he was placed on leave with pay and the Board's failure to award interest on all reimbursement amounts. We affirm in part, reverse in part, and remand for an award of interest.

Complainant was terminated from his position as a police officer with CMHIP. On complainant's appeal to the Board, it reversed CMHIP's decision, ordered that complainant be reinstated, and awarded him back pay and benefits. CMHIP complied with this order by reinstating complainant and paying him $52,650 in back pay and benefits.

CMHIP then appealed the Board's decision. A division of this court reversed the Board's order and remanded for reinstatement of complainant's termination. *Rodgers v. Colorado Department of Human Services*, (Colo.App. No. 98CA2409, Dec. 9, 1999)(not selected for official publication)(*Rodgers I*). After the division announced its opinion, but before the case was remanded to the Board, CMHIP placed complainant on leave with pay. It paid him $16,320 until the case was remanded and then all payments ceased.

After the mandate in *Rodgers I* issued, CMHIP filed a motion with the Board for reimbursement of the back pay and benefits and the amounts paid to complainant while he was on leave with pay. The Board ordered complainant to reimburse CMHIP $52,650 for the back pay and benefits paid to him, but concluded that CMHIP was not entitled to reimbursement for $16,320 paid to complainant while he was on leave with pay. This appeal and cross-appeal followed.

## I.

Complainant contends that the Board lacked jurisdiction to order him to reimburse CMHIP for back pay and benefits. We disagree.

### A.

■ Complainant argues that the Board lacked jurisdiction to order reimbursement because such relief was not directed by the mandate in *Rodgers I*. We are not persuaded.

■ An appellate court's pronouncement on an issue presented to it becomes the law of the case. Likewise, rulings logically necessary to the holding of the appellate court also become the law of the case. The law of the case as established by an appellate court must be followed on remand in subsequent proceedings. *People v. Roybal*, 672 P.2d 1003 (Colo.1983).

The opinion in *Rodgers I* reversed the Board's order and remanded the matter to the Board with directions to reinstate complainant's termination. However, the opinion was silent on the issue of reimbursement by complainant for back pay and benefits paid to him, indicating that this issue was not addressed by the division. Therefore, the Board properly addressed the issue of reimbursement on remand because that issue had not been ruled on by the Court of Appeals or encompassed in its mandate.

Complainant argues that the Board's order was improper because it modified the terms of the mandate. However, because the Board's order concerned an issue that was not addressed by the appellate court, it did not conflict with the mandate and was permissible. *See Super Valu Stores, Inc. v. District Court*, 906 P.2d 72 (Colo.1995)(trial court retained discretion to grant a party leave to amend the pleadings following remand from an appellate court where the issue was not addressed by the appellate court and such amendment would not contravene mandate or law of the case); *see also Sprague v. Ticonic National Bank*, 307 U.S. 161, 59 S.Ct. 777, 83 L.Ed. 1184 (1939)(a lower court is free to address an issue not encompassed within an appellate mandate).

Complainant cites *Pet, Inc. v. Goldberg*, 37 Colo.App. 257, 547 P.2d 943 (1975), and *Boryla v. Pash*, 17 P.3d 833 (Colo.App.2000), in support of his argument that the Board lacked jurisdiction to order reimbursement because such action was not directed in the mandate. However, those cases relate to the specific issue of an award of interest pursuant to C.A.R. 37 and hold that a trial court lacks jurisdiction to award interest where the mandate did not direct such an award. Here, an award of interest under C.A.R. 37 was not at issue, and therefore, those cases are inapposite.

### B.

■ Complainant also argues that the Board lacks jurisdiction to award money judgments and, therefore, lacked jurisdiction to order reimbursement here. Complainant concedes that the Board generally has the authority to award back pay to an employee and to set aside an award of back pay when appropriate. Complainant contends, however, that the Board is not permitted to order an employee to reimburse back pay once it has been awarded, because such an order constitutes a money judgment and must issue from the district court. Again, we disagree.

Initially, we note that the Board has not asserted that its order constitutes a money judgment or that it had authority to enter a money judgment. The Board only asserts that it had authority to order complainant to reimburse CMHIP.

When the case was remanded to the Board, it reacquired jurisdiction pursuant to § 24–50–125.4(4), C.R.S.2001, which provides that the Board is to conduct its review in accordance with § 24–4–105(15)(b), C.R.S.

2001. The latter statute states that upon review: "The agency may remand the case to the administrative law judge or the hearing officer for such further proceedings as it may direct, or it may affirm, set aside, or modify the order or any sanction or relief entered therein, in conformity with the facts and the law."

This grant of authority is broad enough to permit the Board to enter additional orders as required to bring its prior orders into conformity with the mandate from this court. Complainant has not cited, and we are not aware of, any authority holding that the Board is precluded from ordering complainant to reimburse back pay. *Cf.* §§ 8–74–109, 8–79–102, C.R.S.2001, (providing for collection of overpaid unemployment benefits).

Here, the Board determined, in light of the holding in *Rodgers I* that complainant's initial termination was proper, that complainant would receive a windfall if he were not required to reimburse the back pay he received after the Board ordered reinstatement. A public employee in a wrongful discharge case is not entitled to an award that bestows "an economic windfall vastly disproportionate to the legal wrong that he has sustained." *Beardsley v. Colorado State University,* 746 P.2d 1350, 1352 (Colo.App. 1987). Here, because complainant has suffered no legal wrong, retention of the back pay and benefits would be a windfall.

The reimbursement order was within the Board's discretion, as it was consistent with the initial termination order, which was determined to be valid. *See Lucero v. Department of Institutions,* 942 P.2d 1246 (Colo. App.1996)(the Board's determination of the proper relief to be awarded is a question of ultimate fact and can only be set aside if it is unsupported by any competent evidence or has no reasonable basis in the law).

Accordingly, we conclude that the Board acted within its discretion in ordering complainant to reimburse CMHIP for the back pay and benefits he received pursuant to the Board's prior order.

## II.

Relying on *Dilley v. Alexander,* 627 F.2d 407 (D.C.Cir.1980), complainant contends that it would be inequitable to require him to reimburse CMHIP for the back pay and benefits paid to him. We are not persuaded.

In *Dilley,* a soldier received "readjustment pay" as part of his discharge. It was determined that he was wrongfully discharged and that it would be inequitable to treat the "readjustment pay" as a debt subject to restitution because he received it solely as a result of the Army's mistake.

The facts here are quite different. Here, in contrast, complainant was properly terminated. He was never entitled to the pay and benefits he received, and he performed no services in exchange for them. Further, at every stage of the proceedings, CMHIP tried to withhold the payment or escrow it. Under these circumstances, it is not inequitable to require complainant to repay the money.

## III.

CMHIP contends on cross-appeal that the Board erred in denying its request for reimbursement of the pay and benefits complainant received while he was on leave with pay. Specifically, CMHIP argues that once the Board's order of reinstatement was reversed and complainant's status was that of a terminated employee, there was no longer a basis for complainant to receive compensation from CMHIP. We disagree.

Here, the Board determined that, because CMHIP decided to place complainant on leave with pay rather than allowing him to work during the period in question, CMHIP was not entitled to reimbursement for that period. CMHIP argues that there is no basis for this decision, because the Board's order of reinstatement, subsequently set aside, was the only reason that CMHIP placed complainant on leave with pay. Once complainant's termination was reinstated, CMHIP argues, there was no longer a basis to award complainant any compensation, as was the case with the back pay award.

However, although CMHIP reinstated complainant after the Board ordered it to do

so, neither the Board nor this court ordered it to place him on leave with pay. In fact, until the mandate from this court issued, the Board was without jurisdiction to alter its prior order of reinstatement. *See People v. Jones*, 631 P.2d 1132 (Colo.1981)(when an appeal is perfected, the trial court is divested of jurisdiction, and it is restored when the appellate court issues its mandate). Based on the Board's order of reinstatement, CMHIP could have continued to employ complainant, but it chose to place him on leave with pay and receive no benefit. Therefore, there was a factual and legal basis for the Board's decision to deny CMHIP's request for reimbursement during this period, and the order will not be disturbed on appeal. *See Lucero v. Department of Institutions, supra.*

## IV.

■ CMHIP also contends that the Board erred by failing to award interest on the amount complainant was ordered to reimburse CMHIP. We agree.

At the hearing after remand from this court, CMHIP requested an award of interest as part of its reimbursement from complainant. The Board ordered the reimbursement but did not rule on the request for interest. We construe this omission as a denial of the request for interest.

■ Interest is a creature of statute, and absent contractual provisions, it is awarded only as permitted by statute. *Asphalt Paving Co. v. United States Fidelity & Guaranty Co.*, 671 P.2d 1013 (Colo.App.1983).

CMHIP does not rely on any statute that specifically authorizes the Board to grant its request for interest. Rather, CMHIP relies on § 5–12–102, C.R.S.2001, which provides that creditors shall receive interest when money or property has been "wrongfully withheld."

Section 5–12–102 recognizes that persons suffer a loss when property to which they are legally entitled is wrongfully withheld from them. It recognizes the time value of money. The supreme court has determined that the term "wrongfully withheld," as used in § 5–12–102, is ambiguous and that the statute

should be given a liberal construction. *Mesa Sand & Gravel Co. v. Landfill, Inc.*, 776 P.2d 362 (Colo.1989).

The term "wrongfully withheld" in § 5–12–102 has consistently been given a broad, liberal construction, as illustrated by the cases that have upheld an award of prejudgment interest on money or property wrongfully withheld. *See Westfield Development Co. v. Rifle Investment Associates*, 786 P.2d 1112 (Colo.1990)(interest on damages for filing lis pendens); *Mesa Sand & Gravel Co. v. Landfill Inc., supra* (interest on damages for breach of contract to remove gravel); *Teilhaber Manufacturing Co. v. Unarco Materials Storage*, 791 P.2d 1164 (Colo.App.1989)(interest on damages for product disparagement); *Benham v. Manufacturers & Wholesalers Indemnity Exchange*, 685 P.2d 249 (Colo.App.1984)(no showing of bad faith, gross mistake, or tort-like behavior required for award of interest on assessment against policyholder of defunct interinsurance exchange); *Isbill Associates, Inc. v. City & County of Denver*, 666 P.2d 1117 (Colo.App.1983)(interest on award for property damages caused by flooding). *See also* Gregory B. Cairns & John C. Tredennick, Jr., *Collecting Pre and Post Judgment Interest in Colorado: A Primer*, 15 Colo. Law. 753, 756 (May 1986)(§ 5–12–102 "is to be read broadly to cover all types of cases").

In *Mesa Sand & Gravel*, the supreme court considered the legislative history and quoted the legislative sponsor of § 5–12–102 as follows:

> All plaintiffs, or defendants who counterclaim, for that matter, are entitled to interest from the time the action accrued, not from the time the suit was filed, not from the time judgment was entered, but from the time they were wronged.... The present state of the law encourages the wrongdoer to stall because in some cases they have the money until judgment or settlement.

*Mesa Sand & Gravel Co. v. Landfill, Inc., supra*, 776 P.2d at 365 (emphasis in original)(quoting tape recording of testimony before Senate Judiciary Committee on Senate Bill 463, March 12, 1979, 52nd General Assembly). The *Mesa* court then observed:

From these comments [of the legislative sponsor], it is apparent that Section 5–12–102 was not designed to distinguish between classes of prevailing parties in permitting recovery of prejudgment interest.

Permitting the prevailing party to recover prejudgment interest under section 5–12–102 compensates the nonbreaching party for the loss of money or property to which he or she is otherwise entitled and thereby furthers the legislative purpose of section 5–12–102.

*Mesa Sand & Gravel Co. v. Landfill, Inc.,* *supra,* 776 P.2d at 365. This view of the legislative purpose of § 5–12–102 was reiterated in *Westfield Development Co. v. Rifle Investment Associates, supra.*

 The comments of the legislative sponsor and the observations of the supreme court indicate that the focus of § 5–12–102 is on the harm caused to the nonbreaching party, rather than on the nature of the wrongful conduct of the breaching party. In other words, the inquiry is whether money or property was wrongfully withheld from the nonbreaching party and not whether the nature of the conduct of the breaching party brings him or her within the ambit of the statute. The wrongfulness of the breaching party's conduct will have already been determined by the finding of liability on which the damages award was predicated.

Here, complainant is, in effect, the breaching party because he demanded and received money from CMHIP that a division of this court determined he was not entitled to receive. Therefore, as a matter of law, complainant was never entitled to the money, and he has been wrongfully withholding it since the time he received it. Thus, CMHIP has been deprived of the use of money to which it was entitled, and pursuant to § 5–12–102 it is entitled to interest on that money in addition to reimbursement of the amount wrongfully withheld. *See Mesa Sand & Gravel Co. v. Landfill, Inc., supra* (§ 5–12–102 recognizes time value of money).

Complainant argues that he could not have been wrongfully withholding the money because he received it pursuant to the Board's order. This argument fails because it only views the situation from the perspective of his conduct and does not take into account the harm suffered by CMHIP.

An argument similar to that of complainant was raised and rejected in *Passarelli v. Schoettler,* 742 P.2d 867 (Colo.1987). Relying on Colo. Const. art. XXI, § 4, Passarelli made a claim against the state for reimbursement of expenses he incurred in successfully campaigning against his recall as a city councilman. The state limited his reimbursement to ten cents per voter pursuant to a statute then in effect. The statute was held unconstitutional, and Passarelli was awarded his expenses and prejudgment interest. The state argued that an award of interest was improper because the money could not have been wrongfully withheld under the terms of § 5–12–102 when it was withheld pursuant to a statute.

The supreme court rejected this argument. It held that the constitution is paramount where a statute and the constitution are in conflict, and therefore, the state wrongfully withheld money from Passarelli in contravention of the constitution. The court further held that under those circumstances an award of prejudgment interest pursuant to § 5–12–102 was appropriate.

Just as the state's reliance on a statute subsequently declared unconstitutional did not preclude an award of interest in *Passarelli,* here, complainant's reliance on the Board's order that was subsequently reversed does not preclude an award of interest.

Accordingly, we conclude that, pursuant to § 5–12–102, CMHIP was entitled to an award of interest on the amount complainant was ordered to reimburse CMHIP.

The order is reversed to the extent it denies CMHIP's request for interest, and the case is remanded with directions for the Board to enter an additional order awarding CMHIP interest pursuant to § 5–12–102(1)(b), C.R.S.2001, from the date CMHIP paid complainant until the date of the order. In all other respects, the order is affirmed.

JONES and ROTHENBERG, JJ., concur.