No. 15,990.

Latta et al. *v.* Stout.
(203 P. [2d] 496)

Decided January 31, 1949. Rehearing denied February 28, 1949.

Mr. Eugene H. Mast, for plaintiffs in error Latta and Horner.

· Mr. Benjamin Griffith, Mr. Silmon Smith, for plaintiff in error Sine.

Mr. Loring W. Jordan, Mr. Bentley M. McMullin, for plaintiff in error McMullin.

Messrs. Adams & Heckman, Mr. Charles J. Traylor, for defendant in error.

*En Banc.*

Mr. Justice Hays delivered the opinion of the court.

This case involves the same property described in *Sine v. Stout,* 119 Colo. 254, 203 P. (2d) 495, decided this date, and the opinion in that case should be read in connection herewith.

It is well to note in passing that prior to the execution of the sheriff's deed June 4, 1946, mentioned in the companion case, plaintiffs herein (Lattas) were the owners of an undivided one-tenth interest in said mining claim; that four-tenths thereof was owned by Maurine S. McMullin, and five-tenths by Katherine E. Sine; that the Sine and Lattas interests were sold for taxes and redeemed by McMullin as cotenant under the statute; that the sheriff's deed for a six-tenths interest in the property was issued to Stout as the result of proceedings brought by McMullin to foreclose her statutory lien; that the sheriff's deed as to the Sine five-tenths interest was declared void in the companion case by reason of fatal defects appearing in the service of summons by publication; that plaintiffs herein were not made parties to the foreclosure proceedings in the Sine case.

Shortly after plaintiffs learned of the execution and delivery of said sheriff's deed they brought this action against McMullin, Sine, and Stout, to cancel said deed, enjoin the operation of the mine by Stout, and for an accounting of the proceeds resulting from the operation of the mine.

The trial court confirmed title in Stout to a five-tenths interest in said property as against all claims of McMullin and Sine, and found that said one-tenth interest of plaintiffs (Lattas) in said property was not affected by said foreclosure proceedings since they were not served with process therein; that the five-tenths interest formerly owned by Sine by reason of said foreclosure now belongs to Stout, and that Sine has no further interest therein. Defendant Stout was ordered to reconvey to plaintiffs herein said one-tenth interest included in said sheriff's deed, but only upon the condition that plaintiffs pay him the sum of $150.00, being one-sixth of the amount paid by Stout at the foreclosure sale, instead of $40.08, being one-sixth of the amount of taxes actually paid. The court further found that Stout at all times since the execution of said sheriff's deed has been the owner of a five-tenths interest in the mine and entitled to operate the same as a cotenant under the provisions of the statute hereinafter to be mentioned; that there has been, in fact, no profit resulting from the operation of said mine by Stout, and that the lawful expenses of operation exceeded the receipts from said mine. Judgment was entered in accordance with the above findings in favor of Stout and against plaintiffs, which judgment is here for review on writ of error.

In the companion case we held that the foreclosure proceedings therein and the sheriff's deed executed in pursuance thereof were void and of no force or effect, and that Stout acquired no interest in the property by reason thereof. In the instant case it is agreed by all parties, and found by the trial court, that said sheriff's deed is invalid in so far as it attempts to convey plaintiffs' (Lattas) one-tenth interest to Stout.

It follows, as will hereinafter be more fully shown, that Stout, being a stranger to the title, could not operate the mine as a cotenant under the provisions of the statute, and that if he had a lawful right to operate said mine, it was by virtue of a memorandum agreement set

forth in a letter from McMullin to him, dated August 16, which was duly approved by Stout in writing, said letter being as follows:

"Denver, Colorado
August 16, 1943

"Mr. Grover C. Stout
    Grand Junction, Colorado
"Dear Mr. Stout:

"I hold an undivided two-fifths (2/5) interest in and to the following lodes known as the Toltec group in Eureka Mining District, San Juan, Colorado, to-wit:

\* \* \*

"The Toltec No. 3 Lode Mining Claim, U. S. Survey No. 3544

\* \* \*

"I believe my husband has some sort of an arrangement about the other three-fifths (3/5).

"I hereby give you the right to mine the same for the 1943 season, you to carry workmen's compensation insurance and furnish me with the policy.

"As royalty, you are to pay me ten (10%) per cent on ore up to Fifty ($50.00) Dollars, fifteen (15%) per cent on ore up to One Hundred ($100.00) Dollars, and twenty (20%) per cent on ore over One Hundred ($100.00) Dollars, first deducting the milling costs and the transportation by pack mule and truck and railroad to the mill. I am to be furnished by the mill with copies of their return and to be paid directly by them after deducting the above transportation and mill costs. You are to furnish the mill in duplicate, for the purpose of its deduction, a statement as to the costs by pack and truck and the mill is to attach a copy of that statement to its copy of the settlement sheet which is given to me.

"If *you* find operations are successful, *I will then give you an option* for a lease for five (5) years on the above terms as modified by working conditions, *you to exercise* this option on or before February 1st, 1944.

"If satisfactory, you will sign an approval of this letter

and this will constitute the agreement between us. This royalty, of course, is for the benefit of all the owners. (Italics supplied)

"Yours very truly,
"/s/ Maurine S. McMullin

"Approved:
"/s/ Grover C. Stout"

Stout made no effort, so far as the record discloses, to exercise, prior to February 1, 1944, or otherwise, the five-year option above set forth because, as he testified, "I was notified that it was withdrawn." Stout, in his testimony, did not state when or in what manner said option was withdrawn. In this connection it is quite difficult to understand how McMullin could legally withdraw the option to extend the agreement after it had been acted upon in good faith and money expended by Stout in reliance thereon, especially when such extension was solely contingent upon whether or not Stout found the "operations are successful."

It appears from the record that Stout took possession of the property under the above agreement and operated the same during the remainder of 1943, and as a result, mined and shipped approximately eleven thousand pounds of ore; that while so operating said mine, he made application to a federal agency for construction of an access road to said mine; that the application was granted and the road completed in July or August, 1944; that sometime between the date of the application for said access road and its completion, Stout made two applications to federal agencies for separate loans to aid in the operation of said mine.

It is evident to us from the foregoing that Stout had not on February 1, 1944, lost interest in the property, but only in the manner of operating the same. Obviously he reached the conclusion that it was to his decided advantage not to exercise the option to renew the agreement for five years, but to acquire instead an interest in the property so as to enable him to operate as a coten-

ant. His unsuccessful efforts to acquire such interest, first by tax, and next by foreclosure ·proceedings, are sufficiently set forth in the opinion in the companion case and need not here be repeated.

Notwithstanding the above, Stout was found by the trial court to be a cotenant within the purview of sections 8 to 16, chapter 92, '35 C. S. A., and permitted to render account to his alleged cotenants pursuant to the provisions of section 9, id., and as a result of such accounting, the trial court found that there was no profit arising from the operation of said mine.

The above statute authorizes a cotenant to enter upon and to mine common property without the consent of a nonworking tenant in common, subject to accounting to the other tenants in common, for their proportionate shares of the net profits from said mining operations. Said statute also provides that any tenant who wishes to avail himself of the statutory privileges and benefits conferred by said statute (section 13) "shall give a written notice to the other tenant in common interested in said mine stating his intention so to work said mine. * * *" It is further provided that said notice "shall give name, and postoffice address of the working tenant * * * and the general plan and the date of commencing said mining operation and the probable duration thereof, and shall invite the other tenant in common of said mine to join in said operation." It is provided in said section 13: "In the event that any working tenant does not give the notice mentioned in this section, and serve or record the notice as in this section provided, he shall be denied any rights, benefits, or remedies newly created or conferred by sections 8 to 16 of this chapter. * * * "

It is admitted by Stout that no notice as hereinabove provided, or otherwise, was ever served actually or constructively upon plaintiffs, and that no opportunity was given them, to join in said mining operation. Having failed in this respect to comply with the requirements of the statute, "all rights, benefits, or remedies" created

thereby, even if he was otherwise entitled thereto, must be denied to Stout, including the privilege of accounting to cotenants in accordance with section 9, supra.

We are firmly convinced, in the light of the entire record, that Stout should render an accounting of his operation of said mine upon the basis of the agreement above mentioned, which by its terms was executed for the benefit of all owners, in all respects as if the option had been exercised by Stout. In such accounting plaintiffs should be permitted to redeem their interest upon the payment of their pro rata share of said taxes.

The judgment of the trial court is reversed and the cause remanded for further proceedings in harmony herewith.

MR. JUSTICE STONE not participating.