No. 15,989.

Sine *v.* Stout et al.

(203 P. [2d] 495)

Decided January 31, 1949.  Rehearing denied February 28, 1949.

Mr. Benjamin Griffith, Mr. Silmon Smith, for plaintiff in error.

Messrs. Adams & Heckman, Mr. Charles J. Traylor, for defendant in error Stout.

*En Banc.*

Mr. Justice Hays delivered the opinion of the court.

This case involves the title to an undivided one-half interest in Toltec No. 3 mining claim, located in San Juan county, and in Eureka mining district, U. S. Survey 5544.  It appears from the record and in the companion case of Latta, et al. v. Stout, decided herewith, that prior to the issuance of the sheriff's deed to which we hereinafter refer, the property was owned by Maur-

ine S. McMullin, Katherine E. Sine, and Jennie F. Latta and Dorothy Latta Horner, hereafter mentioned as the Lattas, in the following undivided interests respectively: four-tenths, five-tenths, and one-tenth; that the general taxes for the year 1930 being unpaid and delinquent, the property was sold December 10, 1931, therefor, and a certificate of purchase issued to the county; that August 26, 1944, McMullin redeemed her four-tenths interest, leaving the remaining six-tenths interest unredeemed; that September 6, 1944, the unredeemed portion of said property described in said certificate was sold and assigned pursuant to resolution of the board of county commissioners to defendant G. C. Stout; that Stout promptly made application for treasurer's deed; that notice thereof was issued by the county treasurer September 14, 1944, reciting, inter alia, that a tax deed would issue January 15, 1945, unless the property was theretofore redeemed; that January 8, 1945, McMullin, as cotenant, pursuant to provisions of section 145, chapter 40, '35 C. S. A., redeemed said six-tenths interest belonging to her cotenants Sine and the Lattas, and received a redemption certificate therefor from the county treasurer; that May 9, 1945, McMullin brought this action pursuant to the provisions of said statute to foreclose her lien upon the six-tenths interest in said property therein designating Sine as the only party defendant under the mistaken belief that Sine was the sole owner of such interest; that service of summons was had by publication and thereafter decree in foreclosure was entered August 31, 1945, authorizing the sale of the property by the sheriff; that Stout, October 8, 1945, purchased said property at said sheriff's sale for $900 and received a sheriff's certificate of purchase therefor; that on June 4, 1945, sheriff's deed was issued to Stout for said six-tenths interest.

Upon learning of the above proceedings, Sine, a resident of California, on April 12, 1947, filed a motion to vacate said proceedings and cancel the deed upon the

ground, inter alia, of alleged defects in the motion for service of summons by publication. Stout intervened in said proceedings and resisted Sine's motion to vacate the same and set aside the sheriff's deed. The motion was denied and judgment entered accordingly. Sine seeks to reverse said judgment on writ of error.

Rule 4 (g) (2) (iv) as amended (113 Colo. 594) provides:

"Service by publication may be had on the following parties:

\* \* \*

"(iv) Nonresidents of the state; persons who have departed from the state without intention of returning; persons who conceal themselves to avoid service of process; or persons whose whereabouts are unknown *and who cannot be served by personal service in the state.*" (Italics supplied)

Paragraph (h) of said rule provides: "The party desiring service of process by publication shall file a motion verified by the oath of such party or of someone in his behalf for an order of publication. It shall state the facts authorizing such service, and shall show the efforts, *if any, that have been made to obtain personal service within this state* and shall give the address, or last known address, of each person to be served or shall state that the same is unknown. The court shall hear the motion ex parte and, if satisfied that due diligence has been used to obtain personal service within this state, or that efforts to obtain the same would have been to no avail, shall order publication of the process in a newspaper published in the county in which the action is pending. \* \* \* " (Italics supplied)

The verified motion filed herein for publication of said summons contained no statement that Sine was a nonresident of the state, that she had departed the state without intention of returning, or that she concealed herself to avoid service of process. It was recited in the motion that defendant Sine's whereabouts were

unknown, but there was no statement that she "cannot be served by personal service in the state." In the absence of this mandatory requirement, the motion was fatally defective and the court was without jurisdiction to proceed. The judgment and decree were consequently void and of no force or effect, and the deed a nullity. *Empire Ranch & Cattle Co. v. Coldren,* 51 Colo. 115, 117 Pac. 1005; *Millage v. Richards,* 52 Colo. 512, 122 Pac. 788; *Federal Farm Mortgage Corp. v. Schmidt,* 109 Colo. 467, 126 P. (2d) 1036.

The judgment is accordingly reversed.