HAASE, appellant, *v.* CORBIN, respondent.

JURISDICTION OF NON-RESIDENTS — *publication of summons — proof of service.* H. commenced this action in Meagher county against C., a resident of the State of New York. On the application of H. the court made an order requiring the publication of the summons, and that copies of the complaint and summons be deposited in the post-office and directed to C. at his place of residence. The summons was published, but no affidavit was filed showing that said copies had been deposited in the post-office. *Held*, that the order of the court was legal under the forty-first section of the Civil Practice Act, and. must be complied with before C. can be compelled to answer the complaint. *Held*, also, that affidavits showing that the order has been followed strictly, are necessary to prove the service of the summons. *Held*, also, that the court did not acquire jurisdiction of C.

SAME — *attachment — answer and discharge of garnishees.* In this action a writ of attachment was served on certain persons, who answered that they had no goods or credits belonging to C. The answers were not contradicted and no property of C. was found in the Territory. The action was dismissed on the ground that the court did not have jurisdiction of C., or the garnishees, and the garnishees were discharged. *Held*, that the answers of the garnishees must be considered true and that the ruling of the court was correct.

*Appeal from Third District, Meagher County.*

THE orders in this action were made by WADE, J.

CHUMASERO & CHADWICK, for appellant.

The appellant complied with the statutes of the Territory in publishing the summons and procuring the writ of attachment. The jurisdiction of the court over the parties or subject-matter in no manner depends upon the issuing of the attachment writ. The return of the sheriff upon the writ does not affect the jurisdiction. Judgment can be obtained if defendant has no property. When plaintiff files his complaint and publishes the summons according to the statute, he. is entitled to a judgment which can be enforced in the Territory. *Cumberland C. Co.* v. *Hoffman C. Co.*, 30 Barb. 164; *Bates* v. *N. O. J. & G. N. R. Co.*, 13 How. Pr. 519.

It was not shown in this case that respondent did not have any property in the Territory. It was error for the court to dismiss the cause without proof of this kind, if it is necessary to the jurisdiction that respondent should have property in Montana.

The answers of the garnishees are not conclusive. The appellant might procure judgment, and then cite the garnishees to appear upon proceedings supplementary to execution, and call witnesses to prove their indebtedness to the respondent. Civ. Pr. Act, §§ 144, 145, 146, 287, 288, 289, 290, 291, 292; Drake on Attachm., § 453.

The process of garnishment holds whatever may be in the hands of the garnishees during the pendency of the action. The effects may be reached by final process.

JOHNSTON & TOOLE, for respondent.

The answer of the garnishees entitled them to a discharge. No judgment would be rendered if there was nothing on which it could be enforced. Drake on Attachm. 5. The court inquired into this jurisdictional fact and properly discharged the garnishees.

It must be evident that no judgment could be entered which would be enforced in the Territory, or elsewhere. Story's Confl. of Laws, § 592 *et seq.;* Drake on Attachm. 448-51; 1 Kent's Com. 280.

The process of the court must be executed upon the person or thing about which the court is to pronounce judgment, before jurisdiction is acquired. Some property of defendant must be subjected to the jurisdiction of the court by service of its process, before a publication of notice to defendant to appear. *Galpin* v. *Page*, 3 Sawyer, 94.

Our statute has no provision for original proceeding by attachment, whereby the court can acquire jurisdiction over the property of a non-resident defendant, upon which to base a publication of notice against him. No right to require defendant to appear exists until his property is subjected to the jurisdiction of the court. Attachment is only security for a judgment which may be recovered. The attachment relates to residents. Publication of summons does not authorize the rendition of a personal judgment.

BLAKE, J. The appellant filed his complaint May 15, 1874, in the district court in Meagher county, to recover $6,000 on an implied contract. The record shows that the respondent was a banker and broker in the city and State of New York, and purchased there, at the request of the appellant, and for a valuable

consideration, certain United States bonds of the value of $6,000, and converted them to his use. A summons was issued and placed in the hands of the sheriff, who made his return stating that he could not find the respondent and that the respondent did not reside in Meagher county. The appellant made subsequently an affidavit showing, among other facts, that the residence of the respondent was in the city of New York, and an order was made by the court requiring the publication of the summons, and that copies of the complaint and summons be deposited in the post-office and directed to the respondent at New York. The summons was published in July and August, 1874, in the *Herald*, at Helena, in this Territory, the newspaper which had been designated for this purpose. At the time of the filing of the complaint the appellant filed the affidavit and undertaking for an attachment, and the writ was issued to the sheriff of Lewis and Clarke county. The persons upon whom this writ had been served made written answers to the effect that they had no goods, effects or credits in their possession or under their control belonging to the respondent. The counsel for the respondent appeared specially for the sole purpose of objecting to the jurisdiction of the court, and moved to quash the summons and dismiss the cause. The motion was sustained and the garnishees were discharged.

It is admitted that the appellant complied with the provisions of the Civil Practice Act in the proceedings which have been described. It does not appear that the respondent had any property within the Territory. The persons upon whom the attachment writ was served were not examined respecting any property of the respondent, possessed or controlled by them, and no affidavits were filed by the appellant showing that their answers were insufficient or untrue. Section 153 of the Civil Practice Act provides that " if the defendant recover judgment, * . * * * the order of attachment shall be dissolved and the property released therefrom." When the court sustained the motion to quash the summons and dismiss the cause, judgment was thereby rendered for the respondent and against the appellant, and the discharge of the garnishees followed as a legal consequence. If the appellant wished to impeach the answers of the garnishees, or prove that the respondent had any property within the Territory, not exempt

from execution, he should have acted before the motion was determined. The appellant did not furnish the court with information upon the subject, and we must accept the statements of the garnishees as true. *Richards* v. *Stephenson,* 99 Mass. 312 ; *Tryon* v. *Merrill,* 116 id. 299.

The court below did not acquire jurisdiction of this action by means of the attachment proceedings. No property was affected by the service of the writ upon the garnishees, and there is only one question for our consideration : Did the court obtain jurisdiction of the respondent by the publication of the summons ? It does not appear that copies of the complaint and summons were deposited in any post-office and directed to the respondent at his place of residence. Section 41 of the Civil Practice Act provides that when the residence of a non-resident defendant is known and the summons is published, the court " shall also direct a copy of the summons and complaint to be forthwith deposited in the post-office directed to the person to be served at his place of residence." The appellant did not comply with this statute and did not obey the order of the court made in accordance with its provisions. It is held in New York under the same law that its terms must be pursued strictly and complied with fully in order to confer jurisdiction. Voorhies' Code, § 135, n. *b*, and cases there cited. An order which does not direct copies of the complaint and summons to be mailed, when the residence of the non-resident defendant is known, is void. Voorhies' Code, § 138, n. *d*. Mr. Justice FIELD, in *Galpin* v. *Page,* 3 Sawyer, 94, says : " When constructive service by publication in a personal action is authorized by statute in place of personal citation, the rule prevailing in all courts is, that the statute must be strictly pursued. We are not aware that this doctrine has been denied in any State court." The proof of the service of the summons shall be " in case of publication, the affidavit of the editor, publisher, or his foreman, or his principal clerk, showing the same, and an affidavit of a deposit of a copy of the summons in the post-office, if the same shall have been deposited." Civ. Pr. Act, § 43.

The principles of strict construction which have been referred to must be applied to the statute under consideration. It is evident that a court cannot acquire jurisdiction of an action of this

nature if a copy of the summons has not been mailed properly. This proceeding is as essential to the rights of the parties as that which requires the publication of the summons in a news-paper. Distinct affidavits of the proof of these jurisdictional facts are necessary before the service of the summons can be deemed complete. The transcript contains the proper affidavit, showing the publication of the summons in a newspaper accord-ing to law and the order of the court, but there is no proof that a copy of the summons or complaint has been deposited in the post-office as prescribed by the statute. " These affidavits constitute the proof of service." *Sharp* v. *Daugney*, 33 Cal. 512. The ruling of the court below dismissing the cause for want of jurisdiction is affirmed.

*Judgment affirmed.*