## O'REAR V. LAZARUS.

1. The statute authorizing constructive service of summons by publication is in derogation of the common law and must be strictly pursued in every material requirement.

2. When constructive service by publication is wholly relied upon to give jurisdiction over the person of a non-resident defendant, a compliance with the statute must affirmatively appear of record, even in courts of superior and general jurisdiction.

3. Default for want of an answer cannot be entered in such case until the expiration of forty days after the completion of service.

*Error to County Court of Chaffee County.*

THE facts are stated in the opinion.

Messrs. LOGAN and GUNNELL and JOHN C. FITNAM, for plaintiff in error — *ex parte.*

HELM, J.    The judgment in this case must be reversed; it rests entirely upon an attempted constructive service by publication.    This method of obtaining service is in derogation of the common law; consequently the proposition is universally recognized that every material requirement of the statute in relation thereto must be strictly complied with.

There is stated in the affidavit, upon which the order for publication rests, sufficient information concerning the actual place of abode of the non-resident defendant to require that a copy of the summons should have been mailed to him.    The materiality of this statutory requirement is not questioned.    The judgments of courts having superior and general jurisdiction are presumed to be correctly entered, unless the contrary appears.    This presumption includes jurisdiction over the parties as well as the subject-matter.    But where the judgment is against a non-resident defendant and there is no personal service, reliance being placed wholly upon service by publication, an exception to the foregoing principle exists.    The rule in such case seems to be that the record must affirmatively show all the essential jurisdictional facts.    This

rule is not entirely undisputed, but it is sanctioned by the weight of authority, and, in our judgment, is founded upon excellent reason. It is said that "the presumptions indulged in support of the judgments of superior courts of general jurisdiction are also limited to jurisdiction over persons within their territorial limits, persons who can be reached by their process, and also over proceedings which are in accordance with the course of the common law." *Galpin v. Page*, 18 Wall. 350, and cases cited; *Hasse v. Corbin*, 2 Mont. 409.

Constructive service of process obtained by publication is, as already suggested, not "in accordance with the course of the common law;" it is also, in most cases, dependent upon the fact that the party to be summoned is beyond the territorial limits of the court's jurisdiction. It follows, therefore, that the record in this case should have affirmatively shown a compliance with the statutory provision relating to forwarding the process by mail. This it fails to do, and the omission is fatal to the jurisdiction of the court below. Again, the record shows that the service of summons was not complete until the 15th day of November. It also appears therefrom that the default was entered on the 16th, and the judgment rendered on the 19th of the same month. But, by statute, defendant was allowed forty days after the completion of service in which to appear and plead. Therefore both the default and the judgment were unauthorized and premature. *Brown et al. v. Tucker*, 7 Colo. 30; citing *Conley v. Morris*, and *Skiles v. Baker*, 5 Colo. 212, 295.

Other supposed defects in the affidavit and proceedings are mentioned by counsel. Some of these are serious, and might be sufficient to avoid the judgment. But it is unnecessary to consider the same. Either of the foregoing would be ample, in and of itself, to render the proceedings subsequent thereto a nullity.

The judgment is therefore reversed and the cause remanded.  *Reversed.*