No. 17,184.

COPPINGER *v.* COPPINGER.

(274 P. [2d] 328)

Decided September 7, 1954.    Rehearing denied October 11, 1954.

Mr. LAVERNE H. McKELVEY, Mr. R. FRANKLIN McKELVEY, for plaintiff in error.

Mr. HAROLD TAFT KING, Mr. C. J. HAFERTEPEN, for defendant in error.

*En Banc.*

MR. JUSTICE CLARK delivered the opinion of the Court.

THIS matter involves divorce proceedings, wherein the parties, appearing in reverse order in the trial court, will herein be designated as plaintiff and defendant.

On the evening of May 1, 1951, following a family altercation, and after a call by plaintiff to the Durango police department, defendant, in custody of officers, left the place where he and plaintiff had been living at 868 Third Avenue, Durango, Colorado. Upon being released on the following day he did not return to his apartment and his then whereabouts were unknown to plaintiff. May 17, 1951, plaintiff commenced her action for divorce in the district court of La Plata county, and on May 29, 1951, caused to be filed in said proceedings her motion for service of process upon defendant by publication of summons. Order to this effect was entered on the same day, pursuant to which summons was published in the Durango News, the last publication thereof appearing in the issue of said newspaper dated June 29, 1951. Defendant failed to enter appearance and July 31, 1951, interlocutory decree in favor of plaintiff was entered, followed by final decree on the 8th day of February, 1952. August 7, 1952, defendant by counsel, filed his motion for an order vacating, setting aside, and declaring null and void said final judgment and all orders issued in and concerning said cause of action for the reasons, inter alia: (1) That the court was without jurisdiction to entertain said action because plaintiff was not a bona fide resident of the State of Colorado for one year immediately preceding the commencement thereof; (2) that plaintiff in her motion for publication of summons had committed fraud upon the court in various and sundry ways therein stated, all to the effect that she had misrepresented the facts in her affidavit and motion for service of process by publication. Issue was joined upon this motion to vacate and in due course of time several hearings were had thereon. The evidence submitted at these hearings is extremely voluminous, much of it completely irrelevant to the issue then before the court, and unusually repetitious.

The trial court denied defendant's motion, and he procured writ of error from our Court. We now have before

us for review substantially the same two questions as hereinabove stated with respect to the jurisdiction of the trial court.

■ The first question, relative to whether plaintiff was a bona fide resident of the State of Colorado for a period of one year prior to the commencement of her action, as required by the Colorado statute, is ordinarily a question of fact to be determined upon issue raised by appropriate defensive pleading. It is a matter of defense and not ordinarily an issue that may be determined in limine.

■ The second proposition presents greater difficulty, and is one which goes to the very root of the court's authority to make any orders or any valid decree whatsoever. If it be true that plaintiff in any way misrepresented the facts, either actively or merely by failure to reveal them, then it follows as a matter of course that the order directing constructive service of process by publication was invalid.

At the outset it is pertinent to say that constructive service is in derogation of the common law making it imperative that there must be a strict compliance with every requirement of the rule or statute authorizing the same. Failure in this respect is fatal. *O'Rear v. Lazarus,* 8 Colo. 608, 9 Pac. 621. Compliance with every condition of the rule or statute must affirmatively appear from the record and the motion and affidavit upon which the order for constructive service is entered takes precedence over recitals in the judgment. *Ernst v. Colburn,* 84 Colo. 170, 173, 268 Pac. 576. The law requires that personal service shall be had whenever it is obtainable. In case service may not be had either personally, or by mailing or other substituted service, then service by publication is permissible as a final and last resort. Rule 4 (g) (2), R.C.P. Colo., provides that: "Service by publication may be had on the following parties: "(iv) Nonresidents of the state; persons who have departed from the state without intention of returning; persons who conceal

themselves to avoid service of process; or persons whose whereabouts are unknown and who cannot be served by personal service in the state." Subdivision (h) provides that such order for publication may be procured upon motion verified by affidavit which: "Shall state the facts authorizing such service, and shall show the efforts, if any, that have been made to obtain personal service within this state and shall give the address, or last known address, of each person to be served or shall state that his address and last known address are unknown."

In plaintiff's motion for publication she states that: "The defendant is a person whose whereabouts is unknown, and who cannot be served by personal service in the State of Colorado. "2. That search has been made by radio and by various inquiries from persons who might have information concerning the defendant's address and whereabouts, including the former and present attorneys of defendant, and of the County Court and other public records of the County of La Plata, State of Colorado, and of the telephone and other available directories of the City of Durango and of La Plata County, Colorado, concerning the defendant's address and whereabouts, but such efforts have been of no avail; that the last known address of the defendant was at No. 868 Third Avenue, Durango, Colorado, and that his address is unknown."

It was not alleged or asserted by plaintiff in her motion for publication that the defendant concealed himself or in any way or manner sought to avoid service of process; notwithstanding, the court in his findings, following the extensive hearings upon this matter states:

"The testimony of the defendant, the moving party herein, was, in our opinion, evasive, unconvincing, and left the Court with the impression that during and immediately preceding the institution of the divorce proceedings he was deliberately secreting himself with the assistance of various agents.

"For like consideration we also find from the evidence that at the time of the institution of the proceedings, his

whereabouts were unknown and could not be ascertained by the plaintiff and that the constructive service had upon defendant was valid."

It is quite apparent that the court based his order, at least in part, upon testimony given by defendant and upon actions on behalf of defendant which to the court seemed to indicate that he was endeavoring to evade process. In so determining that issue in that manner, the trial court erred for the reason that it was not incumbent upon defendant to do anything to make service of process upon him valid or regular; that the validity of the constructive service is dependent entirely upon the good faith of plaintiff and the accuracy of the statements contained in her verified motion upon which the order for publication was based; and for the further reason that the trial court apparently concluded the matter upon attempted evasion of service by defendant, whereas that was not alleged as the basis for publication of summons. Matters of this kind are not to be determined upon the basis of which of two or more persons are at fault. It is not a question of comparative responsibility or culpability, but one solely of whether the plaintiff in her motion for an order directing service by publication was fair with the court and set forth accurately and sufficiently the true facts and surrounding circumstances.

In the motion and affidavit the applicant must be forthright and explicit in setting forth all of the pertinent facts in order that the court may have before it the complete picture to enable correct evaluation and determination of whether service by publication is justified or required under the circumstances. Anything short of the full disclosure of all known pertinent facts is designated in law as a fraud upon the court and renders void any decree thereafter entered. *Medina v. Medina,* 22 Colo. 146, 43 Pac. 1001; *Morton v. Morton,* 16 Colo. 358, 27 Pac. 718. To simply go through the form of legalism

without a fair disclosure of existing, known facts, is of no avail.

Let us check the record against plaintiff's motion for publication. In the motion she averred that summons could not be personally served upon defendant in Colorado. That was a fact. She failed to state, however, that the reason for that situation was that defendant was not in Colorado, but was then in the State of Nevada; a fact then well known to her. In the motion she asserts, instead, that his "whereabouts is unknown"; that his last known address was 868 Third Avenue, Durango, Colorado, and that his address is unknown. The record is clear that at the time of the filing of the motion she had information from the Insurance Commission of Nevada that defendant's address was Plaza Hotel, Reno, Nevada. No reference to this appears in her motion, but she details numerous alleged efforts to locate defendant in Colorado, where she then knew he was not, but says nothing of the result of her inquiries in Nevada, where she knew him to be. For instance, she said nothing to the court about defendant being in Nevada, or that mail could be gotten to him through his general agent, whose address plaintiff had, and in care of whom she sent mail to defendant within a few days after the interlocutory decree was entered in her favor on July 31, 1951. It is clearly evident that plaintiff well knew how to reach defendant by mail, yet she kept that information from the court.

The record before us contains no original summons; hence we are unable to determine what efforts were made to secure service thereof either in Colorado or Nevada, but the plaintiff contends that a copy of the summons and complaint were sent to the sheriff at Reno and returned by him with the statement that the defendant was not at the Plaza Hotel. Assuming this to be true, nevertheless she states in her motion for publication, instead of the Plaza Hotel, Reno, Nevada, "that the last known address of defendant was 868 Third Avenue,

Durango, Colorado." The certificate of the clerk of the mailing of the copy of summons shows that it was addressed to 868 Third Avenue, Durango, Colorado, and at the time of filing of the motion for publication, plaintiff well knew that defendant was not at that address, and that mail addressed to him at that place would not reach him. She contradicted her own testimony previously given with respect to defendant's address. In a hearing before the court seeking a restraining order against disposal of defendant's property, held May 28, 1951, in response to a question by plaintiff's counsel: "Where does he [defendant] get his mail?", she answered: "At the post office here, general delivery."; while on cross-examination during the last hearings on February 16, 1953, when asked whether general delivery, Durango, was not her correct address, she replied: "No, I insisted on having my mail come to· the house, Mr. Coppinger insisted on the post office, he was getting mail he did not want me to see." Then two days later on direct examination by her own counsel we find the following: "Q. Mrs. Coppinger, do you know under what address Mr. Coppinger received his mail while in Durango within a month prior to May 1, 1951? A. Yes, 868 Third Avenue, our house. Q. Was he receiving mail at that address up until he left May 1, 1951? A. Yes, sir."

Referring again to the affidavit, it stands out clearly in the light of the foregoing testimony that plaintiff had no reason to believe that the defendant would receive process sent to him at 868 Third Avenue, Durango; that she knew that he was not in Durango, but was in the State of Nevada, and that she also knew that by only a slight effort his immediate whereabouts in Nevada could be ascertained. To set forth these facts was her obligation under the rule. Her failure to do so indicates an intent to prevent the defendant from obtaining information concerning the divorce proceeding. In *Croyle v. Croyle,* 184 Md. 126, 40 A. (2d) 374, it was held that where the plaintiff in a divorce action knew the address

of, and how to reach, the defendant in another jurisdiction so as to have permitted personal service of summons upon her, but instead resorted to publication in a newspaper defendant would be unlikely to see, such conduct was repugnant to equity and constituted fraud nullifying the decree which was obtained by reason of it. See, also, *Liebhart v. Lawrence,* 40 Utah 243, 120 Pac. 215.

It was error for the trial court to deny defendant's motion; his order and judgment in this respect is reversed and the cause remanded with instructions to the trial court to vacate and set aside the decrees and orders entered in said cause and to fix a time within which defendant may be permitted to file answer, and proceed to the trial of the issues thereafter in the regular manner.