No. 17,910.

DELBERT JONES, ET AL. *v.* JOHN O. COLESCOTT.
(307 P. [2d] 464)

Decided February 18, 1957.

Mr. JACK MERWIN, for plaintiffs in error.

Mr. T. LEE WITCHER, for defendant in error.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

THE plaintiffs in error were among a number of defendants, known and unknown, in a quiet title suit brought by John O. Colescott, defendant in error. We will refer to the parties as they appeared in the trial court.

Plaintiff obtained judgment against the defendants by default after attempted substituted service both by mail and publication. Four of the defendants filed a motion in the lower court to have the default judgment as to them set aside on the ground that it was void and for the reason that the court lacked jurisdiction over the defendants. It was alleged in the motion that counsel for plaintiff had failed to follow the mandatory requirements of R.C.P. Colo. 4 (g) (1) and 4 (h). The trial court refused to set aside the judgment, and two of the defendants are here by writ of error seeking a reversal.

The record before us is not in dispute. It is clear that plaintiff did not follow either of the rules and omitted not one but *many mandatory steps* set out therein. It was error, therefore, to permit the judgment to stand.

The mandatory requirements of Rule 4 (g) (1) not complied with by plaintiff were as follows: There was no verified motion by either the plaintiff or counsel in his behalf for *an order for service by mail;* there was no hearing ex parte; an order of court directing the clerk to send copy of process by mail to known out of state defendants was not entered. Under Rule 4 (h), the following steps were omitted: The verified motion did not state the facts authorizing the service and did not show the efforts, if any, that had been made to make personal service within the state; it did not name the known defendants who were outside the state nor their last known addresses, or that the addresses were unknown; the clerk did not within fifteen days after the order of publication mail a copy of the process to each of the persons whose addresses were known. Publication was for three weeks only instead of four. The Publisher's Affidavit shows

that the first insertion was on September 29, 1955, and the last on October 20, 1955. This was only four insertions instead of five and, of course, constituted publication for only three weeks instead of four as required.

■ We have had occasion many times to consider the effect of failure to comply with the Rules of Civil Procedure, particularly with respect to service of process. It is hardly necessary to refer to all of the Colorado cases on the subject. Referring to an omission of the phrase that defendant "cannot be served by personal service in the state" in a verified motion for publication we held in *Sine v. Stout,* 119 Colo. 254, 203 P. (2d) 495:

"In the absence of this *mandatory requirement* the motion was fatally defective and the court was without jurisdiction to proceed. The judgment and decree were consequently void and of no force and effect. * * * " (Emphasis supplied.)

■ Counsel for plaintiff has called our attention to the general appearance made by these defendants in seeking to set aside the default and that the court therefore acquired jurisdiction over them. As to the four defendants who filed the motion to vacate the judgment, the court now has jurisdiction, but only to grant time in this action to plead or answer to the complaint herein. The general appearance did not validate the void default judgment. However, as to the defendants who did not join in the motion and the unknown defendants, the attempted substituted service by publication is void. The plaintiffs must now begin anew to obtain service on them.

The judgment of the trial court is reversed and the cause remanded with directions to set aside the default judgment and to permit the defendants to answer or otherwise plead to the complaint; permitting plaintiff to take such further proceedings for service upon other defendants in compliance with the rules as he may be advised.