**Wendell HANCOCK, Plaintiff–Appellant,**

v.

**BOULDER COUNTY PUBLIC TRUSTEE and Linda Li, Defendants–Appellees.**

**No. 94CA1682.**

Colorado Court of Appeals, Div. IV.

Dec. 21, 1995.

Rehearing Denied Feb. 22, 1996.

Certiorari Granted Aug. 5, 1996.

Charles Saxton & Associates, Charles D. Saxton, Anton V. Dworak, Longmont, for Plaintiff–Appellant.

Bloom, Murr & Accomazzo, P.C., Martin A. Bloom, Denver, for Defendant–Appellee Linda Li.

No appearance for Defendant–Appellee Boulder County Public Trustee.

Opinion by Judge TAUBMAN.

In this action to enjoin the issuance of a certificate of redemption, plaintiff, Wendell Hancock, appeals a summary judgment entered in favor of defendants, Boulder County Public Trustee (public trustee) and Linda Li, and the denial of his motion for summary judgment. We affirm.

The following facts are not in dispute. In July 1993, Li filed a lawsuit against Joey Paul Bingham, alleging embezzlement and conversion, and at the same time filed a motion for a writ of attachment on a parcel of property owned by Bingham. The motion was granted and a writ of attachment was issued on July 27, 1993.

Because Li could not locate Bingham for personal service of process, she filed a verified motion for service of the summons and complaint by publication pursuant to C.R.C.P. 4(h), which the trial court granted on September 10, 1993. On November 8, 1993, Li filed a verified motion for service of a writ of attachment, an alias writ of attachment, and all other process by publication.

In that motion, Li stated that: "To expedite this matter, [I have] arranged for publication in the *Boulder Daily Camera*, to begin on Sunday, October 31, 1993, to continue for a period of four consecutive weeks." The court granted the motion that same day, November 8, 1993, and further ordered that publication be made in a Boulder newspaper for a period of four weeks. Publication of the attachment writ began on October 31, 1993, and continued until November 28, 1993.

On November 10, 1993, the public trustee conducted a foreclosure sale and Hancock obtained a certificate of purchase on the Bingham property. On January 4, 1994, Li filed a motion for entry of default and default judgment against Bingham. On January 10, 1994, the court entered a default judgment against Bingham for $65,195.10. Li recorded a transcript of the judgment in the Boulder County Clerk and Recorder's office on January 18, 1994.

After Bingham's redemption period had expired, Li tendered redemption funds to the public trustee pursuant to § 38–38–303, C.R.S. (1995 Cum.Supp.). On January 28, 1994, Hancock initiated this action seeking permanently to enjoin the public trustee from issuing a certificate of redemption to Li. Hancock alleged that because Li began service by publication of the writ of attachment before receiving authorization from the court, service of the writ of attachment was improper, the court did not have jurisdiction over the action, and the judgment against Bingham was void.

Thereafter, the trial court granted Li's motion for summary judgment and denied Hancock's motion for summary judgment.

## I.

■ As a threshold matter, Li contends that Hancock has no standing to object to the service of process or to question Li's judgment against Bingham. We disagree.

■ Two requirements must be met to establish standing: (1) the plaintiff must allege that the challenged action has caused him or her injury in fact and (2) the interest sought to be protected must be within the zone of interest sought to be protected or regulated by the statute in question. *Wimberly v. Ettenberg*, 194 Colo. 163, 570 P.2d 535 (1977).

Here, although Li's redemption would allow Hancock to receive the entire amount of Bingham's indebtedness to him, Hancock alleges injury resulting from not being able to acquire title to the property. Also, his interest in the property is within the zone of interest protected by § 38–38–303.

Thus, we conclude that pursuant to the requirements of *Wimberly* and under the facts as pled, Hancock has standing to challenge the judgment of the trial court. We will therefore proceed to consider the merits.

## II.

■ Hancock contends that Li's initiation of service of the writ of attachment by publication without a prior court order violates the requirements of C.R.C.P. 4(h). We do not agree.

Service of process by publication is governed by C.R.C.P. 4(g) and 4(h). C.R.C.P. 4(h) provides in pertinent part:

The party desiring service of process by publication shall file a motion verified by the oath of such party or of someone in his behalf for an order of publication.... The court shall hear the motion ex parte and if satisfied that due diligence has been used to obtain personal service ... shall order publication of the process in a newspaper published in the county in which the action is pending. Such publication shall be made for four weeks.... Service shall be complete on the day of the last publication.

Further, under C.R.C.P. 102(g), writs of attachment are served in the same manner and under the same conditions provided for service of process.

As a general rule, our courts have held that constructive service, including service by publication pursuant to C.R.C.P. 4(h), is in derogation of the common law and that, therefore, strict compliance with every requirement of the rule or statute authorizing such service is necessary. *See ReMine v. District Court*, 709 P.2d 1379 (Colo.1985); *Jones v. Colescott*, 134 Colo. 552, 307 P.2d 464 (1957); *Coppinger v. Coppinger*, 130 Colo. 175, 274 P.2d 328 (1954).

■ In addition, the validity of constructive service by publication depends on "whether the plaintiff in her motion for an order directing service by publication was fair with the court and set forth the true facts and surrounding circumstances." *Coppinger v. Coppinger, supra*, 130 Colo. at 179, 274 P.2d at 331. It is therefore incumbent upon the trial court, when considering a motion for service by publication, to examine the circumstances and assess not only whether there is strict compliance with the express requirements of the rule, but also whether the movant has been forthright and explicit in setting forth all the pertinent facts for the court.

Thus, our courts have held service by publication void only where an express and material provision of the rule had been violated or information had been withheld by the applicant. For example, in *Jones v. Colescott, supra*, the plaintiffs failed to comply with an explicit and mandatory requirement of the rules, and in *Coppinger v. Coppinger, supra*, the plaintiffs had fraudulently withheld necessary information from the court. *See also Jayne v. Peck*, 155 Colo. 513, 395 P.2d 603 (1964); *General Insurance Co. v. O'Day*, 144 Colo. 376, 356 P.2d 888 (1960); *Weber v. Williams*, 137 Colo. 269, 324 P.2d 365 (1958).

Although no cases in Colorado have specifically addressed whether publication may begin prior to a court order, Hancock relies on dictum in *Rael v. Taylor*, 876 P.2d 1210

(Colo.1994), that "publication notice is available upon a court order, subsequent to judicial examination of the motion. In the absence of a verified motion and court review thereof, service by publication on unnamed parties is not possible under C.R.C.P. 4(h)." In our view, however, *Rael* is not dispositive of the issue before us, since the supreme court did not consider whether service by publication could be initiated prior to a court order. Rather, the quoted language merely reaffirms the proposition that service by publication must be based on a verified motion that has been reviewed by the court.

Here, Li's verified motion for service of the writ of attachment by publication complied with all express requirements of C.R.C.P. 4(h). Moreover, Li expressly advised the court in her verified motion of all relevant facts and circumstances, including the fact that she had already begun publication in a Boulder newspaper. Subsequently, she continued publication for the requisite four weeks pursuant to the court order for service by publication of the writ of attachment.

Hancock nevertheless urges us to find that, although Li satisfied the express requirements of C.R.C.P. 4(h), service of process was faulty because publication began one week prior to the court's order. We decline to do so. While beginning publication prior to a court order is perhaps an unorthodox and even undesirable procedure, it resulted here in no prejudice to the parties. By the time service of process had been completed—on the last day of publication— all requirements of the rules had been met.

■ Further, strict compliance must be judged with reference to the underlying purpose of service: to the extent possible to put interested parties on inquiry notice of the proceedings. *See Closed Basin Landowners Ass'n. v. Rio Grande Water Conservation District,* 734 P.2d 627 (Colo.1987); *see also Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314–15, 70 S.Ct. 652, 657– 58, 94 L.Ed. 865, 874 (1950) ("The reasonableness and hence the constitutional validity of any chosen method [of service] may be defended on the ground that it is in itself reasonably certain to inform those affected ... or ... that the form chosen is not substantially less likely to bring home notice than other of the feasible and customary substitutes.")

Here, four weeks of publication in compliance with the rules gave notice to Bingham to the full extent contemplated by C.R.C.P. 4(h). We therefore find no reason to declare the validity of service improper or the court's judgment void.

## III.

■ Next, Hancock contends that Li's default judgment against Bingham is void because the judgment is not limited to the property subject to the writ of attachment. Although Hancock raises this issue for the first time on appeal, a void judgment is subject to attack at any time, and thus, this contention presents an issue that requires resolution. *See Paine, Webber, Jackson & Curtis, Inc. v. Adams,* 718 P.2d 508 (Colo. 1986). We reject Hancock's contention.

■ Quasi-in-rem actions are not initiated strictly to determine ownership or affect interests in particular property. Rather, they involve the assertion of a personal claim, which is transformed into an action against a defendant's property by the attachment or garnishment of some or all of defendant's property. *See ReMine v. District Court, supra.*

Here, Li originally brought this action as a personal claim against Bingham. However, because Li was unable to serve Bingham personally, the claim was properly transformed into a quasi-in-rem action against Bingham's property by attachment. Thus, the judgment was proper and the fact that it did not contain specific reference to Bingham's property did not render it void. Rather, the effect of the judgment is limited to that property which supports jurisdiction. *Shaffer v. Heitner,* 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977); *ReMine v. District Court, supra.*

## IV.

■ Finally, Hancock contends, for the first time on appeal, that Li's motion for

service of the complaint and summons by publication did not sufficiently state facts authorizing the service by publication. Because this issue was not raised in the trial court, we decline to consider it on appeal. *See Brewer v. Motor Vehicle Division,* 720 P.2d 564 (Colo.1986).

Judgment affirmed.

NEY and KAPELKE, JJ., concur.