**Michael T. ZIVIAN, a registered elector of the Town of Telluride, Plaintiff–Appellant,**

**v.**

**Harley BROOKE–HITCHING, Defendant–Appellee.**

**No. 00CA0009.**

Colorado Court of Appeals, Division III.

May 24, 2001.

Michael T. Zivian, Pro Se.

Coleman, Jouflas & Williams, Joseph Coleman, Grand Junction, CO, for Defendant–Appellee.

Opinion by Judge MARQUEZ.

In this action challenging whether an elected official had met certain residency requirements, plaintiff, Michael T. Zivian, appeals the judgment in favor of defendant, Harley Brooke–Hitching. We affirm.

Defendant was elected to the Telluride Town Council in November 1999. The Home Rule Charter of the Town of Telluride requires that each "Council person, when elected, shall be a qualified elector and shall have resided in the Town of Telluride for one (1) year immediately preceding such election." Plaintiff challenged defendant's qualification as a resident and filed a verified statement of contest of election pursuant to § 31–10–1305, C.R.S.2000.

After a bench trial in December 1999, the trial court found that defendant had been a resident of Telluride since May 1998 and thus was qualified to hold office. Plaintiff sought review in the supreme court pursuant to § 31–10–1305, but the supreme court declined to assume jurisdiction. Plaintiff then filed a notice of appeal in this court. A division of this court issued an order to show cause why the matter should not be dismissed for lack of jurisdiction. The matter was then referred to the supreme court for a determination of jurisdiction, but the supreme court reaffirmed its previous order declining to assume jurisdiction.

## I.

We first reject defendant's contention that we must dismiss this appeal due to lack of jurisdiction, because § 31–10–1305 expressly limits such appeals only to the supreme court, and because § 13–4–102(1)(g), C.R.S.2000, excepts election contests from the jurisdiction of the court of appeals.

Section 13–4–102(1) provides, in pertinent part, that:

Any provision of law to the contrary notwithstanding, the court of appeals shall have *initial* jurisdiction over appeals from final judgments of the district courts . . . except in:

. . . .

(g) Summary proceedings initiated under articles 1 to 13 of title 1 and article 10 of title 31, C.R.S . . . . (emphasis added)

Section 31–10–1305 provides, in pertinent part, that: "Such proceedings *may* be reviewed and finally adjudicated by the supreme court of this state if application to such court is made by either party and if the supreme court is willing to assume jurisdiction of the case." (emphasis added)

Thus, § 13–4–102(1) provides that this court does not have *initial* jurisdiction over appeals from summary proceedings under certain election statutes, but there is nothing in either statute that bars this court's jurisdiction *after* the supreme court has declined to exercise its initial jurisdiction. *See* § 13–4–110(3), C.R.S.2000 ("No case filed either in the supreme court or the court of appeals shall be dismissed for having been filed in the wrong court but shall be transferred and considered properly filed in the court which the supreme court determines has jurisdiction.")

Although not directly on point, the decision of a division of this court in *Barela v. Beye*, 916 P.2d 668 (Colo.App.1996), supports our conclusion. Section 13–4–102(1)(b), C.R.S.2000, also excepts from this court's initial jurisdiction cases in which a statute has been

declared unconstitutional. Nevertheless, in *Barela*, a ruling by the trial court declaring certain legislation unconstitutional was referred by the court of appeals to the supreme court, which determined that the case was properly within the court of appeals' jurisdiction.

Here, because the supreme court declined review upon plaintiff's request and the request of this court, we conclude jurisdiction is proper for purposes of this appeal. *See generally; Joel L. Schaffer, P.C. v. Christopher M. Sullivan, P.C.*, 844 P.2d 1327 (Colo.App.1992)(supreme court declined to accept transfer of direct appeal of order denying preliminary injunction); *but see In re Marriage of Finer*, 893 P.2d 1381 (Colo.App. 1995)(court of appeals has initial jurisdiction over appeals from orders granting or denying preliminary injunctions, and it is unnecessary to refer to supreme court).

## II.

Plaintiff contends that defendant failed to satisfy the residency requirements necessary to hold office in Telluride, Colorado or that she abandoned her Colorado residency by returning to New York. We are not persuaded.

For purposes of municipal elections, residence is defined as "the principal or primary home or place of abode of a person as set forth in section 31–10–201(3)." Section 31–10–102(8.5), C.R.S.2000; *Gordon v. Blackburn*, 618 P.2d 668, 671 (Colo.1980)(determining residence of municipal electors). Section 31–10–201(3)(a), C.R.S.2000, provides a further definition of residence:

> The residence of a person is the principal or primary home or place of abode of a person. Principal or primary home or place of abode is that home or place in which his habitation is fixed and to which a person, whenever he is absent, has the present intention of returning after a departure or absence therefrom, regardless of the duration of absence. In determining what is a principal or primary place of abode of a person, the following circumstances relating to such person may be taken into account: Business pursuits, employment, income sources, residence for income or other tax purposes, age, marital status, residence of parents, spouse, and children, if any, leaseholds, situs of personal and real property, and motor vehicle registration.

■ Once a person's legal residence has been established, his or her intention to keep it becomes the central factor in determining whether it continues. If a person maintains the present intention of returning, he or she may leave his or her voting residence, for even a lengthy period, without losing it. *Gordon v. Blackburn, supra.*

Furthermore, § 31–10–201(3)(b), C.R.S. 2000, provides that: "A person shall not be considered to have lost his residence if he leaves his home and goes into another state ... merely for temporary purposes with an intention of returning."

■ All circumstances must be considered before reaching a decision regarding a person's intention to establish a new principal or primary home. The intent of the individual is an important element that cannot be ignored. *Gordon v. Blackburn, supra.*

■ Here, after considering the factors enumerated in § 31–10–201(3)(a), the court made two findings of fact. First, it determined that "defendant became a resident of Colorado in May of 1998; that, in looking at 31–10–201(3)(a) with a balance of all of the factors, [they] show that she was a resident as of that date and time." Secondly, it found that defendant's "return to New York was intended to be temporary and she did not lose her residency in Colorado by her return to New York." The court's minute order states that defendant's "return to New York was temporary and without intent to abandon her residency in Colorado." The court noted the voting and tax return suggesting New York residency, but on balancing all the evidence, concluded that "those acts were not sufficient to abandon her residency in Colorado, as discussed on the record." The record supports the trial court's findings.

Defendant testified that she purchased a house in Telluride in 1988, opened a bank account in Telluride by 1989, and obtained a Colorado real estate license by 1998. In February 1998, she decided to move permanently from New York to Telluride. In May 1998, she told her New York employer that

she was going to go to Colorado. She indicated that she was moving to Colorado to pursue a different phase of her life, and she resigned from her New York employment. During this time, defendant leased her New York apartment to a third party.

In May 1998, defendant packed up her personal belongings and moved to Telluride. Witnesses confirmed this fact and noted that defendant shipped her personal property to Colorado. Witnesses also confirmed that, in May 1998, defendant was excited about being a full-time resident of Colorado and that it was a permanent move.

Defendant's son then moved out of defendant's home in Telluride. He characterized his mother's move to Telluride as "definitely permanent."

In late June 1998, defendant's prior employer called her and asked her to come back to her job on "a temporary basis while [the employer] looked for somebody else, a couple of months." Defendant reluctantly agreed because she knew the job "better than anyone else around." When she returned to New York, she took only her business clothes and did not sign a long-term lease. At trial, defendant stated that she did not have any intention of re-establishing her New York residency or abandoning her Colorado residency.

Defendant's temporary job unexpectedly lasted a full year. Throughout this period, witnesses confirmed defendant's "overall frustration because she was sort of living out of a suitcase" and her anxiousness to get back to Colorado. During this time, she stayed in her ex-husband's apartment.

These circumstances justify the trial court's conclusion that Telluride was defendant's principal or primary home.

However, plaintiff points to contrary evidence of abandonment. While back in New York, defendant filed New York and federal tax returns that indicated New York as her residence. She also voted twice in New York because she had not yet changed her voter registration. In November 1998, she had a New York driver's license, and her car was registered in New York. She did not obtain a Colorado driver's license or register to vote in Colorado until June 1999. While this evidence could lead to another conclusion, we

will not substitute our findings for those of the trial court. In the context of this case, these actions are simply evidence, and the propriety of these acts is not before us. *See Blount v. Boston,* 351 Md. 360, 718 A.2d 1111 (Md.1998)(no single circumstance is conclusive in determining residence or domicile, including place of voting or abode).

■■■ Residence is a question of fact, properly determined by the trial court. *See Watson v. Watson,* 135 Colo. 296, 310 P.2d 554 (1957); *Coppinger v. Coppinger,* 130 Colo. 175, 274 P.2d 328 (1954). When the trial court's findings of fact are supported by sufficient evidence in the record, we may not disturb them on appeal. *People v. Arroya,* 988 P.2d 1124 (Colo.1999).

Consequently, because they have sufficient evidentiary support, the trial court's findings that defendant had satisfied the residency requirements and had not abandoned her principal or primary home in Colorado will not be disturbed here.

### III.

■■■ In her answer brief, defendant contends that she is entitled to recover attorney fees pursuant to § 13–17–102(4), C.R.S.2000, because of the frivolous, groundless, and vexatious nature of plaintiff's appeal. We disagree.

C.A.R. 38(d) provides that "[i]f the appellate court shall determine that an appeal is frivolous, it may award just damages and single or double costs to the appellee."

■■■ A claim is frivolous if the proponent has no rational argument to support it based on the evidence or the law. A claim is groundless if there is no credible evidence to support the allegations in the complaint. *Elrick v. Merrill,* 10 P.3d 689 (Colo.App.2000). A vexatious claim or defense is one brought or maintained in bad faith. Bad faith may include conduct that is arbitrary, vexatious, abusive, or stubbornly litigious, and may also include conduct aimed at unwarranted delay or disrespectful of truth and accuracy. *Fowler Irrevocable Trust 1992–1 v. City of Boulder,* 992 P.2d 1188 (Colo.App.1999), *rev'd in part on other grounds,* 17 P.3d 797 (Colo. 2001).

Here, while plaintiff's evidence did not persuade us that the trial court erred in its determination of the issues, he made a rational argument on appeal. Therefore, neither sanctions nor attorney fees are justified. *See Cassidy v. Smith*, 817 P.2d 555 (Colo. App.1991); *William H. White Co. v. B & A Manufacturing Co.*, 794 P.2d 1099 (Colo.App. 1990).

Therefore, we reject defendant's request for attorney fees on appeal.

Accordingly, the judgment is affirmed.

Judge NEY and Judge NIETO concur.